ANDREW GREEN, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Requested instructions though announcing correct propositions of law applicable to the case, are properly refused where they are fully covered, though in different language by other instructions given at the trial.
2. Instructions not applicable to the evidence in a case are properly refused.

3. In order to justify a homicide on the ground of self-defense under our statutes, there must be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there must be imminent danger (really or apparently) of such desgn being accomplished While the danger need not be actual, nor the necessity to kill real, yet the circumstances surrounding, and as they appear to the slayer at the time he does take life must be such as would induce a reasonably cautious man to believe that the danger was actual and imminent, and the necessity real, in order that the slayer may be justified in acting upon his own belief to that effect.

4. Instructions which inform the jury that the evidence proves certain material facts are properly refused, though there is uncontradicted evidence of such facts before the jury. While instructions given under such circumstances though erroneous, may not cause reversal. such instructions are always properly refused, as being charges upon the facts.

5. It can no longer be regarded as an open question in this State, that an indictment properly framed for murder in the first degree charges likewise murder in every other degree and manslaughter, and that under an indictment so framed a conviction for murder in a less degree or manslaughter can be sustained.

Writ of error to the Circuit Court for Baker County.

The facts of the case are stated in the opinion of the Court.

*George U. Walker,* for plaintiff in error.

*William B. Lamar,* Attorney-General, for the State.

CARTER, J.

Plaintiff in error was indicted at the fall term, 1900, of the Circuit Court of Baker county for the murder of one Alex Hickox. He was tried at the same term, found guilty of manslaughter with recommendation of mercy, and from the sentence imposed sued out this writ of error.

The indictment against him was properly framed, charging murder in the first degree. He requested the court to give four several instructions numbered 3, 6, 7 and 8, which being refused exceptions were taken, and the refusals made the basis of assignments of error in this court. We perceive no reversible error in the refusals of these instructions. The third, sixth and seventh, in so far as they announce correct propositions applicable to the evidence in the case, were fully covered—though in different language—by the instructions already given by the court. The eighth is as follows: "The law gives to this defendant, alike with all other men, the right of self-defense, and in its proper exercise, if the facts show he has taken life and that the person killed was a man of bad character as to being a peaceable man, and known so to be by defendant, and those facts also show to the satisfaction of the jury that the deceased had very shortly before he was shot made an assault and battery upon defendant's son, the evidence showing him to be a youth of not more than fifteen years of age, and the deceased a man of powerful build, and that defendant going immediately to the scene while said battery was yet in progress and having remonstrated with deceased as to such assault upon his son, the deceased threatened to kill defendant and at the same time attempted to reach a gun, and being prevented drew a pistol upon defendant, and made a hostile effort to shoot defendant, whereupon defendant shot and killed him, then the law arising upon such facts is that defendant acted in self-defense, and your verdict should be not guilty." We are of opinion that this instruction was not demanded by any evidence in the case. It proceeds upon the theory that immediately preceding the fatal shot the deceased made a hostile effort to shoot the accused, and that the fatal

shot was fired to prevent the consummation of this hostile effort, while the most favorable view in behalf of the accused presented by the evidence is that the deceased was preparing for and apparently about to make some effort to shoot the accused when the fatal shot was fired. In order to justify a homicide on the ground of self-defense under our statute there must be reasonable ground to apprehend a design to commit a felony or to do some great personal injury, and there must be imminent danger (really or apparently) of such design being accomplished. While the danger need not be actual, nor the necessity to kill real, yet the circumstances surrounding, and as they appear to the slayer at the time he does take life, must be such as would induce a reasonably cautious man to believe that the danger was actual and imminent and the necessity real, in order that the slayer may be justified in acting upon his own belief to that effect. Alvarez v. State, 41 Fla. 532, 27 South. Rep. 40. We do not think the jury would have been authorized to find from any evidence in this case the existence of the "hostile effort to shoot defendant," mentioned in the instruction. Under the view of the evidence most favorable to the accused in this case, we think it was a question for the jury whether the conduct of the deceased, in the light of the alleged threat and the surrounding circumstances as they appeared to the accused, was such as would induce a reasonably cautious man to believe that the danger to life or of great personal injury was actual and imminent and the necessity to kill in self-defense real, and that under no view of the evidence could the court properly say to the jury that the accused, as a matter of law, acted in self-defense.

· The instruction is also defective in another respect. It contains a statement to the effect that the evidence showed that defendant's son was a youth not more than fifteen years of age and that the deceased was of powerful build, which is a charge upon the facts of the case. It is true there was evidence to that effect, and that it was not contradicted by other evidence, but as held in Metzger v. State, 18 Fla. 481, this does not relieve the instructions from being a charge on the facts within the meaning of our statute prohibiting such instructions. While, as held in the case cited, an instruction faulty only in the respect pointed out, would not require reversal of the judgment, such charge is erroneous, and ought not to be given. We are, therefore, of opinion that the refusal to give the instruction requested was proper, because it invaded the province of the jury.

The defendant moved the court to grant a new trial, which motion was denied and an exception taken and the ruling is assigned as error. Under this assignment it is contended that the verdict is not supported by the evidence, and that a conviction for manslaughter can not be sustained under an indictment for murder in the first degree. We have carefully considered the evidence which has been properly presented to us by bill of exceptions, and find that it is sufficient to support the evidence. It is so well settled in this State that an indictment properly framed for murder in the first degree charges likewise murder in every other degree, and manslaughter, that it can not be longer regarded as an open question. Under an indictment so framed a conviction for manslaughter may be had.

This disposes of all the questions presented by the assignments of error, and finding no reversible error, the judgment must be affirmed.