SEABOARD AIR LINE RAILWAY, *Plaintiff in Error,* v. E. P. RENTZ AND J. C. LITTLE, COPARTNERS DOING BUSINESS AS E. P. RENTZ LUMBER COMPANY, *Defendant in Error.*

1. The 7th rule of the Rules of the Circuit Court in Common Law Actions, adopted by this court at the April term, 1873, prescribing what a praecipe for process in personal actions shall contain, having been in force in this State for nearly forty years, must be taken as the construction by this court of the statutes authorizing it to make rules of practice.

2. The compulsory amendment of a pleading is within the discretion of the circuit judge, and his refusal to grant a compulsory amendment is not reversible error, unless it affirmatively appears that the party moving suffered injury by the refusal.

3. Several acts of negligence alleged as a series of causes tending to the same point and terminating in death or injury, may be alleged in one count of a declaration, as affording one cause of action.

4. Where the damages claimed of a railroad company in a declaration are not alleged to have been caused either by the running of locomotives or cars, or by any person in the employ and service of such railroad, sections 3148 and 3149, General Statutes of 1906, do not apply to the case.

5. In a suit for damages against a railroad company where the plaintiff's own act or negligence caused the damage, it may be shown under the general issue of not guilty; but where mere contributory negligence is relied on as a defense, it should be specially pleaded.

6. A letter-press copy of an account made by the plaintiff and sent to the defendant cannot be produced in evidence, when the defendant was not called on to produce the original, and there is no showing that the original was lost or destroyed.

7. The purpose of having attorneys is to aid the courts in examining the law and in sifting the evidence in order that justice may be administered, and the party on whom the burden lies, in opening his case should fairly state the principles of law and the particular evidence on which he relies so that the

29—Vol. 60.

opposite attorney may have an opportunity to discuss the proposition thus presented, and to present his own views of the case. The party who opened the case has, then, the right of reply. The whole case can thus be fairly presented to the tribunal which has to decide it. We commend this method of procedure as tending to prevent any unfair advantage to either party, and as promotive of the ends of justice.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Geo. P. Raney* and *L. N. Green* for plaintiff in error;

*H. M. Hampton* for defendant in error.

HOCKER, J.—An action for damages was brought in the Circuit Court of Marion County, Florida, by the defendants in error against the plaintiff, charging it with having "negligently and carelessly failed and refused to feed and water certain live stock (mules) and negligently and carelessly failed to transport and deliver the same with reasonable promptness and dispatch, whereby the said live stock became and were starved, thirsty and greatly injured and damaged." The said live stock having been shipped over its road from Savannah, Georgia. There are two counts in the declaration, one alleging a shipment on the 6th day of December, 1906, and the other a shipment on the 4th of January, 1907.

The first count of the declaration is as follows:

"The plaintiffs, E. P. Rentz and J. C. Little, as copartners doing business under the name and style of E. P. Rentz Lumber Company, sues the defendant Seaboard Air Line Railway, a railroad corporation doing business in the State of Florida, for that,

WHEREAS, the defendant, before, and at the times hereinafter mentioned, was a railroad corporation, and as such operated a line of railroad from the city of Savannah, in the State of Georgia, to the town of Silver Springs, in the State of Florida, in Marion County, Florida, as a common carrier of freights, and that on the 6th day of December, 1906, plaintiffs delivered to the Central of Georgia Railroad Company, a railroad corporation, operating a line of railroad from the town of Adrian in the State of Georgia, to the City of Savannah, in the State of Georgia, seventeen head of live stock, to-wit seventeen head of mules, for transportation from the said town of Adrian, in the State of Georgia, to the town of Silver Springs, in Marion County, Florida; that the same were loaded in car belonging to the Central of Georgia Railroad Company, and that afterwards, to-wit, on the 7th day of December, 1906, the Central of Georgia Railroad Company delivered the said car load of Seventeen mules to the said Seaboard Air Line Railway at said City of Savannah, in the State of Georgia, and the said Seaboard Air Line Railway then and there accepted the said car, and undertook to deliver the said mules in good condition to the plaintiffs at the said town of Silver Springs, and plaintiffs aver that then and there it became and was the duty of the said defendant to care for, feed and water the said mules enroute between the said city of Savannah, in the State of Georgia, and the town of Silver Springs, in Marion County, Florida, but plaintiffs aver that the said defendant after having accepted the said car of mules for transportation and delivery, as aforesaid, negligently and carelessly failed and refused to feed and water the said live stock, and negligently and carelessly failed to transport and deliver the same with reasonable promptness and dispatch, and that by reason thereof, the said live stock became and were starved, thirsty and greatly injured and

damaged, so that ten of the said mules thereby sickened and died, from the effects of such neglect of the defendant, and that seven other of the said mules became weakened, emaciated, injured, and damaged, and depreciated in value, and unfit for use by plaintiffs, and by reason of the said neglect plaintiffs were greatly injured and damaged, and bring this suit and claim Five Thousand Dollars damages."

There was no recovery on the second count.

The first count alleges that ten mules died from the negligent conduct of the defendant and seven were injured and depreciated in value. After the issues were made up, the case was referred to Richard McConathy, Esquire, as Referee, who after hearing the evidence rendered a judgment on the first count in favor of the plaintiffs for $3500.00, with interest at eight per cent per annum from January 1st, 1907, amounting to $4060.00. From this judgment a writ of error was taken.

The first assignment of error is based on the ruling of the Circuit Judge denying a motion to quash the praecipe for summons ad respondendum, for a failure to state therein "the nature of the action" as required by section 1392 of the General Statutes of 1906. The praecipe after describing the count is as follows:

"E. P. Rentz and J. C. Little, as copartners under firm name and style of E. P. Rentz Lumber Company, Plaintiffs,

v.

Seaboard Air Line Railway, a railroad corporation, Defendant."

Action at Law.
Damages $5000.00.

Section 1392 *supra* was originally passed in 1828 and requires that the praecipe or memorandum for beginning a suit at law shall state the "names of the parties, the nature of the action, and the amount of the debt or damages for which the plaintiff sues.

By section 12 of Chapter 1938, of the Acts of 1873, authority was conferred on the Supreme Court to make any and all rules of practice pleading and proceedings to carry out the provisions of this act, which was an act to revive the practice of pleadings and proceedings existing on the 19th February, 1870, and to provide additional rules of practice and pleading. In pursuance of the authority thus conferred upon the court at the April Term, 1873, it adopted certain Rules of the Circuit Court in Common Law Actions, to be in force after the first day of June, 1873.

The 7th of these rules prescribes that the praecipe for process in personal actions   *   *   *   shall contain the title of the case, the description of the court in which the action is brought, the amount of the debt or damage for which the plaintiff sues, the day to which the process is returnable and shall be signed by the plaintiff or his attorney.

This rule must be taken as the construction by this court of the statutes referred to, and this construction has been acquiesced in and followed for nearly forty years. The praecipe in the instant case is in conformity with this Rule (7). See Seaboard Air Line Railway v. Rentz, filed herewith.

The second ground of error presented is that the court erred in overruling a motion of the defendant for the compulsory amendment of the declaration in a number of particulars. The fifth, seventh, eighth and ninth of said grounds for compulsory amendment are presented here.

The fifth ground is as follows: "By stating the amount of money claimed by defendants in each instance for those animals alleged to have died and those which did not die, in order for this defendant to be advised as to the proportionate claim for animals dying and those not dying." The declaration tested by accepted principles of Common Law pleading applicable to a case like the instant one is defective. The third rule stated in Andrews Stephen's Pleading section 163 is: "The pleading must specify quality, quantity and value," and continues: "It is in general necessary where the declaration alleges any injury to goods and chattels, or any contract relating to them, that their quality, quantity and value or price should be stated." The only actions in which this rule does not apply are actions of debt and indebitatus assumpsit. Id. section 165. See also Vol. 2, Part 2, Saunders on Pleading and Evidence, p. 1095; 1 Chitty on Pleading (16th Am. Ed.) bottom page 495; 2 Saunders Rep. 74, note 1. But this court held in the case of Southern Home Ins. Co. v. Putnal, 57 Fla. 199, text 219, 49 South. Rep. 922, that the compulsory amendment of a pleading was within the discretion of the court, and that its refusal to grant a motion for a compulsory amendment was not reversible error unless it affirmatively appeared the party moving suffered injury by the refusal. We cannot say affirmatively that the defendant was injured by the action of the court.

The seventh, eighth and ninth grounds of the motion to amend the declaration in effect, required it to be so amended as to state in two different counts the damages claimed, viz, in one count, the damages for failure to feed and water the mules, and in the second, the damages for failure to deliver them with reasonable promptness. In other words, it is contended the declaration is duplicitous.

We do not think the declaration is obnoxious to this objection.

The several acts of negligence are alleged as a series of causes tending to the same point and terminating in the death and injury of the mules which were transported, and are thus properly alleged as affording one cause of action. 7 Ency. Pl. & Pr. 238.

A large number of pleas were filed by the defendant at various times attempting to set up contributory negligence on the part of the plaintiffs. We do not propose to review here all the various rulings on all these pleas. The court on motion struck out the last twelve pleas filed on the ground that the contributory negligence set up in these pleas could be proven under the plea of not guilty, and stated further that in his opinion that under section 3449 of the General Statutes of 1906, where plaintiff and agents of defendant railroad were both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him, and that under this section contributory negligence is a matter of evidence, need not be pleaded, and can be shown under the general issue. This court in Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 South. Rep. 712, held that the two sections, 3148 and 3149, General Statutes of 1906, were parts of Chapter 4071 Laws of 1891, and were restricted to damage done by the running of locomotives, cars or other machinery, or by any person in the employ and service of a railroad company— pp. 127, 128.

The declaration in the instant case does not allege that the damages claimed were caused either by the running of the locomotives or cars, or other machinery of the railroad, or by any person in the employ or service of such company. It is patent therefore that the Circuit Judge

was mistaken in striking out the pleas for the reason which he assigned. Pleas of contributory negligence were certainly appropriate in this action. A plea of contributory negligence is a plea on confession and avoidance which is a special plea. Rule 72 Circuit Court Rules; Morris v. Florida Cent. & P. R. Co., 43 Fla. 10, text 28, 29 South. Rep. 541; Louisville & N. R. Co. v. Yniestra, 21 Fla. 700; City of Orlando v. Heard, 29 Fla. 581, 11 South. Rep. 182; Jacksonville Electric Co. v. Sloan, 52 Fla. 257, text 282, 42 South. Rep. 516; Moore v. Lanier, 52 Fla. 353, 42 South. Rep. 462; 5 Ency. Pl. & Pr. 11. If the plaintiff's own act or negligence caused the damage this can be shown under the plea of not guilty; because under such circumstances, the defendant is not guilty. Bullen & Leakes Precedents (2nd ed.) pp. 593, 635; Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Florida Railway Co. v. Dorsey, 59 Fla. 260, 52 South. Rep. 963. In the case of Southern Home Ins. Co. v. Putnal, 57 Fla. 199, text 219, 49 South. Rep. 922, we held that where a proper plea was stricken out by the court it must affirmatively appear from the record that the error committed was harmless to the defendant, or the error would be ground for reversal. The whole record is before us in this case. There was evidence tending to show contributory negligence on the part of the plaintiff. But whether the referee, under the condition of the issues as they appeared to him, gave it any consideration, we are unable to determine from his findings, which are part of the record, or from the judgment entered by him. This condition of the record impresses us the more, because some of the testimony given by Mr. Rentz himself tended to show that the mules, after they were taken from the car, while they were very thirsty and hungry, were not apparently sick, but that they became sick several hours after they had been fed and

watered by the plaintiffs, who knew of their condition, and that great care in feeding and watering them was necessary. Under the circumstances we think the court committed reversible error in striking out the pleas of contributory negligence on the theory that such a defense could be shown under the general issue of not guilty. The last six pleas undertook to set up the same facts of contributory negligence in mitigation of damages. These pleas were properly stricken as they were evidently filed to get the benefit of the statute we have referred to, which we hold does not apply to the facts of the instant case. We cannot help remarking that the unnecessary repetition of the same grounds of motions and demurrers to the several pleas is burdensome. We know of no reason why the same ground by appropriate words could not be made applicable to a dozen or more pleas, if it was appropriate to each of them. Several of the pleas which were stricken were bad, if for no other reason than being in the alternative.

The ninth error assigned is based on the admission in evidence of a letter press copy of an account written by the E. P. Rentz Lumber Company to the defendant on December 26th, 1906. It is an account for the ten mules that died, and for damages to the remaining seven. The copy shows that attached to it was a bill of lading dated Adrian, Ga., December 9th, 1906, for 17 mules, the freight bill which was paid, and a statement from J. R. Blackiston, Veterinary Surgeon, dated December 6th, 1906. Mr. Rentz testified that these documents were received by the defendant as he was so informed by the agents of the defendant who had charge of such matters. The bill of lading was never returned to the plaintiffs. On the 14th of December, 1907, the plaintiffs served a notice on the defendant to produce the original bill of lading. We are

not referred to anything in the record which shows that this was done, nor any reason why it was not done. There is nothing so far to complain of. But we do not discover from the record that the defendant was ever called on to produce the original account for the ten mules that died, and for damages to the remaining seven, nor that this account was lost or destroyed. This procedure was not in accordance with section 1533 of the General Statutes, nor any other section of the law of which we are advised, nor with recognized procedure in such cases. See Sinclair v. Gray, 9 Fla. 71, text 78.

The defendant introduced Mr. T. H. Johnson to testify regarding his experience in shipping and handling horses and in watering animals which had apparently gone for a considerable time without water, and that he had given such animals large quantities of water without injuring them in any way. This proffered testimony was rejected. What bearing this testimony could have upon the defense of the defendant we are not advised, as there was an apparent attempt on the part of the defendant to show that the plaintiffs had overfed and over-watered the mules when they were taken from the car, and this caused or contributed to the injuries complained of. If the ruling was error, it was, under the circumstances, harmless.

When this case came up for argument the plaintiffs' counsel, who had the opening and conclusion, in his opening statement simply announced that the evidence sustained his case, and cited one authority to show that the allegation in the declaration as to the time of delivery of the mules to the initial carrier, was not in issue. Defendant's attorney requested the plaintiff's attorney to argue the evidence. Defendants' attorney also moved the referee to require plaintiffs' attorney to argue the evidence and cite the law upon which he relied.

This motion the referee denied, and the defendant's attorney excepted. It then appears from the record that defendant's attorney argued the law and facts from his standpoint. Then the plaintiffs' attorney argued the case. Defendant's attorney then offered to reply to the argument of the plaintiffs' attorney, and the latter objected, and his objection was sustained. These several rulings afford the basis for assignments of error. The plaintiffs in their brief seem to regard this as a very trifling matter indeed, and quotes no authority to sustain these rulings. The defendant's attorneys in their brief argue mightily that defendant was deprived of its right to discuss the plaintiffs' argument, but no authority whatever is cited. The writer has spent several days in examining this question, and his conclusion is, that while the authorities are not entirely harmonious, the procedure adopted by the plaintiff was unfair to the defendant. The very object of having attorneys is to aid courts in examining the law and in sifting evidence in order that justice may be administered according to law. The purpose of allowing the attorney on whom the burden lies to open and conclude is that in his opening address he shall fairly state his case—the particular evidence, and the law upon which he relies—so that the opposite attorney may have an opportunity to discuss his position. The attorney who has thus opened his case has an opportunity to reply to his adversary. The whole case is thus fairly presented to the tribunal which has to decide it. Of course no court can regulate with perfect exactness what a lawyer shall say in his opening address, but if he refuses to fairly open his case he should not be permitted to reply to his adversary; or if he is permitted to do so, then the opposite attorney should be permitted to reply to him. To countenance the method adopted in this case might lead to giving one party

to a cause a very unfair advantage, and perhaps to injustice. We are not prepared to say, however, that the record in this instance sufficiently shows the arguments of plaintiffs attorney as to present reversible error, but we deem it proper to say we do not approve of the course which was pursued.

There are a number of other assignments of error, but we do not think it necessary to discuss them.

For the errors which have been pointed out the judgment below is reversed.

TAYLOR and PARKHILL, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion,