SEABOARD AIR LINE RAILWAY, A CORPORATION, *Plaintiff in Error*, v. E. P. RENTZ *et al., Defendants in Error*.

1. Where a bill of lading stipulates that the value of property lost or damaged in shipment shall be computed as of the place and time of shipment, it is not reversible error to charge the jury that the value should be computed at the time and place of delivery when the evidence is that the value was the same at both places.

2. Where evidence is when offered not subject to the general objection that it is "immaterial and irrelevant," but it becomes irrelevant by the subsequent introduction of evidence; if there is then no motion to strike it, the party objecting to it cannot complain of it in the appellate court.

3. Where matters are improperly incorporated in a transcript on writ of error, the cost thereof will be taxed against the party requiring it to be included in the transcript.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*L. N. Green,* for Plaintiff in Error;

*H. M. Hampton,* for Defendants in Error.

17—Vol. 63.

WHITFIELD, C. J.—A former judgment awarding damages for the death of some and injury to other mules by the failure to feed and water them while being transported by the railroad company from a point in Georgia to Silver Springs, Florida, was reversed in Seaboard Air Line Ry. v. Rentz, 60 Fla. 449, 54 South. Rep. 20.

The bill of exceptions shows that at a subsequent trial the following proceedings were had: "The plaintiffs introduced as a witness one C. B. Stillwell, who having testified that the first shipment of mules mentioned in the declaration and in count One thereof was received at Silver Springs, Florida, the same having been shipped from a point in the State of Georgia, during the month of December, 1906. Plaintiffs attorney propounded to said witness Stillwell the following question: 'What was the value of a mule of the kind and character that these mules were, had they been sold at Silver Springs, Florida, at that time?'

Whereupon counsel for defendant objected to said question on the grounds that the value of said animals at Silver Springs was immaterial and irrelevant. Which objections being overruled by the court the defendant by its attorney then and there expected.

Whereupon said witness testified as follows: 'Ans. I should say at least $250.00 a head, some of them were worth more than that.

And thereafter the said plaintiffs offered and introduced in evidence in said cause, and the same was duly marked as introduced in evidence by the court stenographer, who had been duly sworn and appointed by the court at the request of the respective parties, a paper writing purporting to be the bill of lading accepted by the plaintiffs, at the initial point of shipment, from the common carrier accepting for shipment and shipping over

its line the animals of plaintiffs mentioned in the first count of plaintiffs' declaration, when the bill of lading was headed

'Adrian, Ga., December 9, 1906,'

and contained, among others, the following conditions and provisions:

> 'In consideration of the rate charged under the conditions of the bill of lading, it is mutually agreed as to each carrier, severally but not jointly, of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the conditions whether printed or written, on the face or back hereof, all of which are agreed to by the shipper as owner or agent for the owner, and accepted for himself or his assigns as just and reasonable.'

Which bill of lading showed the consignment in question to consist of seventeen (17) head of mules, and the consignee to be E. P. Rentz Lumber Company, at Silver Springs, Florida.

On the back thereof the said bill of lading contained the following conditions:

> '3. No carrier shall be liable for loss or damage not occurring on its portion of the route, nor after said property is ready for delivery to the consignee. The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment under this bill of lading, unless a lower value has been agreed upon or is determined by the classification upon which the rate is based, in either of

which events such lower value shall be the maximum price to govern such computation.'

The following charge given at the request of the plaintiffs was excepted to and is assigned as error:

"In assessing such damages, you will consider, a. The value of the animals that you find died from the effect of the neglect of defendant to feed and water the same, as aforesaid, at the time and place of such death, if same had been transported and delivered to plaintiffs in the condition they were in when received by defendants."

A motion for new trial contains the following grounds that are referred to in the assignment of errors:

1. "The court erred in permitting the witness Stillwell to testify as to the value of plaintiffs' animals at Silver Springs which died, and in overruling defendant's objections to such testimony;

2. In permitting the witness Stillwell to testify as to the value at Silver Springs, or at the time and place of the death, of those animlas which died, in view of the terms and conditions of the bill of lading issued for such shipment;

3. That the court erred in giving that portion of the 6th charge requested by the plaintiffs wherein it is stated as follows:
'a.    The value of the animals that you find died from the effects of the neglect of defendant to feed and water the same, as aforesaid, at the time and place of such death, if the same had been transported and delivered to the plaintiffs in the condition they were in when received by defendant.'

4. The court erred in giving that portion of the 6th charge requested by the plaintiffs as follows, viz:
'In assessing such damages, you will consider, a.

The value of the animals that you find died from the effects of the neglect of the defendant to feed and water the same, as aforesaid, at the time and place of such death, if the same had been transported and delivered to plaintiffs in the condition they were in when received by defendant.'

Said portion of said 6th charge being erroneous in view of the terms and conditions of the bill of lading issued to cover said shipment, and wherein it is specifically stated:

'The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment under this bill of lading.'

In denying the motion for new trial the court stated: 'The fourth ground of the motion is a good one, but under the circumstances I cannot see that any harm was done. Mr. Rentz did testify as to the value of the animals at the place of shipment as I remember the same. The charge would not have been given had this court known of any such provision in the bill of lading. The bill of lading was offered and filed in evidence, but never read, and did not know of such provision and the mere failure to instruct as requested when there was evidence as I remember the same, as to value at the place of shipment, when that value was the same as at the place of destination, cannot constitute ground for new trial.' "

The following is the assignment of errors:

"The trial court erred;

1. In overruling defendant's first ground for new trial.

2. In overruling the 2nd ground of defendant's motion for new trial.

3. In overruling 3rd ground of defendant's motion for new trial.

4. In overruling 4th ground of defendant's motion for new trial.

5. In permitting the plaintiff's witness Stillwell to testify as to the value of the animals which died at Silver Springs, this over the objections and exceptions of the defendant.

6. In giving that portion of the 6th charge requested by the plaintiff as follows, viz:

'In assessing such damages you will consider, a. The value of the animals that you find died from the effect of the neglect of the defendant to feed and water same, as aforesaid, at the time and place of such death, if the same had been transported and delivered to plaintiffs in the condition they were in when received by defendant.'

Said portion of said 6th charge being erroneous in view of the terms and conditions of the bill of lading issued to cover said shipment and wherein it is specifically stated as follows, viz:

'The amount of any loss or damage for which any carrier becomes liable shall be computed at the value of the property at the place and time of shipment under this bill of lading.' "

In denying the motion for new trial the judge stated that the evidence did not impress him that "a failure to feed and water the stock was the proximate cause of the death of the animals, or that it did or could produce such death, but as there was evidence and the jury heard it, and the rule of law, as it seems, is that of there was any evidence to support the verdict, the court has no authority to set aside the verdict. There was some evidence to support the verdict and the jury has adopted that view."

This statement was not excepted to and is not covered by any assignment of error, therefore, the effect of the statement under the rule announced in Tampa Water Works Co. v. Mugge, 60 Fla. 263, 53 South. Rep. 943, is not considered.

The only questions presented for adjudication are whether the quoted testimony was erroneously admitted in evidence, and whether there was reversible error in giving the charge above quoted.

The entire evidence is not before us, and the trial court states in the order overruling the motion for new trial that "Mr. Rentz did testify as to the value of the animals at the place of shipment, as I remember the same," and that "there was evidence as I remember the same, as to the place of shipment, when the value was the same as at the place of destination," therefore, it must be assumed that the evidence showed the value of the mules to be the same both at the place and time of shipment and at destination, and that consequently the technical error in the charge is harmless to the plaintiff in error.

As the bill of lading had not then been introduced in evidence the testimony of the witness as to the value of the mules at destination was not then subject to the only objection made to it that it was "immaterial and irrelevant."

It does not appear that a motion was made to strike the testimony after the bill of lading was introduced or that the attention of the court was called to the provisions of the bill of lading that the bill of exceptions clearly shows was introduced after the testimony objected to was admitted, and the bill of lading was not read in evidence.

As the matters incorporated in the transcript by direction of the defendants in error were not properly a

part of the record on the assignment of errors, the costs thereof will be taxed against the defendants in error under the rule.

No reversible error appearing in the matters properly presented for consideration, the judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J.J., concur.