C. A. BOYETT, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed June 2, 1915.

CRIMINAL LAW—PREMEDITATED DESIGN AS AFFECTED BY INTOXICATION—MANSLAUGHTER.

1. A charge is proper that instructs the jury in effect, that premeditated design to effect the death of the person slain is an essential element to be proved beyond a reasonable doubt

in the crime of murder in the first degree, and that if they find from the evidence that the defendant was too much intoxicated at the time of the killing to form or entertain such premeditated design, or if the jury entertained a reasonable doubt on that point, but found from the evidence that he would be guilty of murder in the first degree were it not for the absence of proof of such premeditated design beyond a reasonable doubt, then they should not convict him of murder in the first degree, but should find him guilty of murder in the second degree.

2. The only real substantial distinction in our statute between murder in the first degree and second degree is that in the first degree the killing must be done with a premeditated design to effect death, and in the second degree such premeditated design need not appear.

3. Manslaughter is not a degree of murder, but within the purview of our statute requiring the jury to ascertain and express in and by their verdict the degree of unlawful homicide of which from the proofs they find the defendant to be guilty, it is a degree or grade of unlawful homicide.

Writ of error to Circuit Court for Jackson County; J. D. Jones, Judge.

Judgment affirmed.

*John H. Carter* and *Amos E. Lewis,* for Plaintiff in Error;

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

TAYLOR, C. J.—The plaintiff in error, hereinafter referred to as the defendant, on an indictment charging him with murder in the first degree, was tried, convicted and

sentenced for murder in the second degree in the Circuit Court of Jackson County and brings the judgment here for review by writ of error.

The first contention here is that the trial judge erred in giving to the jury the following charge: "Where a premeditated design to effect the death of the person killed is essential to the offense of murder in the first degree, as it is in this State, intoxication, though voluntary, is relevant evidence to be considered by the jury as to its effect upon the ability of the accused at the time of the killing to form or entertain such design. If the jury find from the evidence, or have a reasonable doubt, that the defendant was so much intoxicated at the time he shot and killed John Cayson, if you find from the evidence that he did kill him, as to be incapable of forming such a premeditated design as I have defined to you and yet, but for such incapacity he would be guilty of murder in the first degree, you cannot find him guilty of murder in the first degree because such design is an essential element of murder in the first degree, but he would be guilty of murder in the second degree."

The contention here is that the jury should have been left free to have found the defendant guilty of manslaughter, but that they were precluded from this by this charge. We cannot agree with this contention. According to the facts hypothesized in this charge as we analyze it, the charge was proper. In it the jury is told in effect that premeditated design to effect the death of the person slain is an essential element to be proven beyond a reasonable doubt in the crime of murder, and that if they found from the evidence that the defendant was too much intoxicated at the time of the killing to form or entertain such premeditated design, or if the jury entertained a

reasonable doubt on that question, but found from the evidence that he would be guilty of murder in the first degree, were it not for the absence of proof of such premeditated design beyond a reasonable doubt, then they should not find him guilty of murder in the first degree, but should find him guilty of murder in the second degree. In other words if the jury from the evidence found that he was guilty of murder in the first degree in every other essential element of the crime except that of premeditated design, which was absent from the proofs, then he would be guilty, not of murder in the first degree, but of murder in the second degree. The only real substantial distinction in our statute between murder in the first and second degree is that in the first degree the killing must be done with a premeditated design to effect death, and in the second degree such premeditated design must be absent. Viewed in this light there was no error in the charge complained of. Garner v. State, 28 Fla. 113, 9 South. Rep. 835. If the proofs warrant a verdict for manslaughter and the defendant desired a charge along the same line on the subject of manslaughter he should have requested such charge hypothecating it upon the state of facts in proof, if any, that would have warranted a verdict for manslaughter, you cannot, therefore, complain of the questioned charge, since it was proper on the facts hypothesized therein.

It is next contended here that the trial judge erred in charging the jury as follows: "Should you find the defendant guilty, you will state in your verdict the degree of unlawful homicide of which you find him guilty, as, for example, should you find him guilty of murder in the first degree, you will state in your verdict that you find him guilty of murder in the first degree." It is contended that this charge is misleading as it tends to preclude the

jury from a verdict for manslaughter, since manslaughter is a substantive offence and is not a "degree" of unlawful homicide. This contention is untenable. The trial judge had already charged the jury fully in effect that under the indictment, if the evidence warranted it, they could convict the defendant of murder in the second degree or of manslaughter, and defined both of these lower grades or degrees of unlawful homicide. The charge complained of follows the language of the statute requiring the jury in the event they found the defendant guilty they should ascertain or state in their verdict the degree of unlawful homicide of which they found him guilty. It is true that in illustration of the form of the verdict to be a compliance with this provision of the law only a form of verdict for murder in the first degree was given, but the jury were evidently not misled by this, inasmuch as their verdict was in proper form for murder in the second degree, and had they found from the evidence that the defendant was guilty only of manslaughter, under this statute and under the questioned charge they would have been equally bound to state in their verdict in express terms that they found him guilty of manslaughter. Manslaughter is not a degree of murder, but within the purview of the language used in the statute last referred to, it is a degree or grade of unlawful homicide. We think the evidence sustains the verdict and finding no error in the record, the judgment of the Circuit Court is hereby affirmed at the cost of Jackson County, the plaintiff in error having been adjudged to be insolvent.

SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.