TAYLOR, Associate Judge.
Appellant was tried in the Criminal Court of Record of Duval County and convicted of the crime of robbery. He has appealed.
The evidence of guilt is ample and the assignments of error, with one exception, are without merit.
But one incident of the trial was of such a nature that it makes a new trial essential to the proper and fair administration of justice as heretofore determined by the Supreme Court of Flordia.
*127 After the evidence was concluded the following colloquy took place:
“MR. FROST: Your Honor, the State will waive the opening argument.
“MR. RIPLEY: Your Honor, the defense insists the State make an opening argument because the defense has the duty to his client to reply to it.
“THE COURT: They have the right to waive argument.
“MR. RIPLEY: The defense insists that the State open argument.
“THE COURT: Gentlemen, go to your jury room. Thereupon, the Jury retired to the jury room.
“THE COURT: Do you still waive the right to make an opening argument, Mr. Frost?
“MR. FROST: Yes, sir.
“THE COURT: I don’t know of any law that can require you to make an argument.
“MR. RIPLEY: It is Defendant’s position that unless he makes an argument and I answer back, he can’t answer me.
“THE COURT: You can waive any argument at all. You can submit it without any argument at all. If he wants to waive argument and you want to waive argument, that’s it. I can’t tell him he can(t) waive argument.
“MR. RIPLEY: The defense takes the position that it is unfair to let the State waive argument -and then let me argue and let him answer me.
“THE COURT: Mr. Ripley, there are so many things in this world that are unfair that I have no jurisdiction over. What do you want to do ? I will give you two minutes to make up your mind.
“MR. RIPLEY: Your Honor has ruled on it?
“THE COURT: No. I don’t want you to be mad at me.
“MR. RIPLEY: Well, I don’t know of any adjudication but this may be the time.
“THE COURT: Are you waiving the opening argument?
“MR. FROST:'i waive.
“THE COURT: Are you going to waive argument?
“MR. RIPLEY: Let me ask my client- — No, sir. I will make an argument.”
The record shows that thereafter Mr. Ripley argued for the defendant and, following this, Mr. Frost argued for the State. There is no showing that counsel for the defendant, after making his argument, objected to the State making a closing argument or, after the State’s argument, demanded the right to reply to that argument.
In support of the judgment the Attorney General argues (1) The State may waive opening argument. (2) The error, if any,, in permitting the State to waive its opening argument was harmless, and (3) The defendant waived any error in failing to-object to the State presenting any closing argument whatever or, in the alternative,, demanding a right to reply to the State’s; argument.
Appellant relies upon the decision of the Supreme Court in the case of Andrews v. State, 99 Fla. 1350, 126 So. 751, 129 So. 771. Proper evaluation of this decision as it applies to the case at bar requires resort to the original record where we find that when the evidence was completed the following occurred:
*128 “MR. SCARBOROUGH:[1] That is the State’s case.
“THE COURT: All right, go to the jury.
“MR. SCARBOROUGH: I waive the opening.
“THE COURT: The State has the close.
“MR. FARRIS:[2] How long are you going to hold Court before we adjourn for lunch?
“THE COURT: One o’clock.
“MR. FARRIS: I insist it is the duty of the State to open the case and outline what he expects to do.
“MR. SCARBOROUGH: All right.
“ * * * Thereupon Mr. Scarborough made his opening argument to the jury as follows:
“MR. SCARBOROUGH: When I make my main argument after Judge Farris had made his argument I will endeavor by this evidence to show you that the State has met all the legal burdens as to proof in this case; that we have established by competent evidence all the material allegations of this information beyond and to the exclusion of every reasonable doubt, and that we have established by the evidence that on the date alleged in the information, the defendant, Ben Andrews, slew the deceased, Earl Brady Dyal, by an act eminently dangerous to another and especially to the said Earl Brady Dyal, and evincing a depraved mind regardless of human life and was neither justifiable or excusable homicide, and that such slayini was second degree murder, and that is the verdict I shall, on behalf of the State, ask you on the evidence in this case to find when the case is finally submitted to you. With this statement of the position of the State in the matter I will leave it with you until Judge Farris has made his argument, when I shall then more fully present the evidence to you.
“MR. FARRIS: We except to the statement made by the acting solicitor on the grounds that he has failed to outline to the jury in the proper form of argument, the contentions of the State, he having the concluding argument, so that the defendant may have full opportunity through his counsel to reply to such arguments as may be made. We insist that the acting solicitor argue his case and make his contentions in the form of argument before a jury, and we except because of his failure and refusal so to do.
“THE COURT: All right.
“ * * * and thereupon the counsel for the defendant presented his argument to the jury.
“THE COURT: Gentlemen, we are going to take a recess now until two thirty. Remember the instructions I have heretofore given you.
“ * * * Thereupon Court adjourned to reconvene at two thirty o’clock in the afternoon of the same day.
* * * * * *
“ * * * And at two thirty o’clock P.M. of the same day, to-wit, Friday, February IS, 1929, Court reconvened, pursuant to the adjournment of the morning session and the following further proceedings had:
“THE COURT: Let the jury come in. Poll the jury.
“(Thereupon the jury was polled and seated in the box)
*129 “THE COURT: All right, Mr. Scarborough.
“* * * Thereupon Mr. Scarborough presented his argument to the jury.”
This is followed by the charge of the Court to the jury.
The facts are remarkably similar to those now before us. The one difference is that in the Andrews case the prosecutor made a token open argument while in the case at bar no opening argument whatever was made by the State.
When the Andrews case was first before the Supreme Court[3] the justices were equally divided[4] and a judgment of af-firmance was entered. At that time Justice Armstead Brown wrote a dissenting opinion indicating his conviction that “the trial court erred in permitting, over defendant’s protest, the method of argument which counsel for the state adopted in this case, and that such error was prejudicial and harmful in its nature and tendency, requiring a reversal of the judgment.”
While a petition for rehearing in that case was pending, the Court decided the Tindall case [5] now relied upon by the State to sustain the action of the trial court in the case at bar. In order to get the full import of the opinion on rehearing in the Andrews case, it is necessary to analyze the opinion of Commissioner Andrews in the Tindall case. He first states the basic law as follows:
“The purpose of allowing the attorney, upon whom the burden lies, to open and conclude the argument to the jury after closing the testimony is that in his opening address he shall fairly state his case, that is, the particular evidence and the law upon which he relies, so that the opposing attorney may have opportunity to reply. Of course the court by the very nature of things could not regulate with exactness how much or what an attorney should say in his opening address, but if he refuses to fairly open his case, he should not be permitted to reply to his adversary; for if he is permitted to do so, then the opposing attorney should be permitted to reply. To sanction any other method might lead to giving a very unfair advantage, and perhaps to injustice. Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 449, 54 So. [13] 20.”
Commissioner Andrews continues with a statement which tends to support the State’s position. He says:
“Even if there were a rule prohibiting an attorney waiving the opening argument in a criminal case, it would be an easy matter for him to feign an argument or avoid mentioning some of the stronger points in his favor until the closing argument when the opposing attorney might not have a chance to reply. While an attorney may not be required to make the opening argument (or if he makes a pretended one), yet the trial court, exercising its discretion, may permit opposing attorney to reply to any new material matter brought out on the former’s second or closing argument. Otherwise serious damage may result and possibly a farce be made of what ought to be an important step in the trial. In fact, it may even constitute reversible error for the trial court to unreasonably limit the time for argument to the jury. May v. State, 89 Fla. 78, 103 So. 115. See 16 C.J. 893, § 2234. Also where the attorney, having the opening argument, feigns or only makes a short statement, the opposing *130 attorney may thereupon waive his right to argument and thus deprive his adversary of a reply; as was held in the case of Germak v. F. E. C. Ry. Co., 95 Fla. 991, 117 So. 391, 392, wherein this court said:
" ‘The defendant’s counsel having made no argument, there was nothing to be met or replied to by counsel for the plaintiff, and the presentation rested upon the opening argument for the plaintiff.’ ”
It would be easy to infer from this language that the failure of the State to make an opening argument (or an adequate one) would give the defendant an option to waive argument so the case would go to the jury without any argument, or to demand the right to reply to the State’s closing argument when made. The conclusion of the Commissioner is found in this statement :
“In the case at bar the record does not show whether or not the state’s attorney brought out and emphasized material controversies in the trial, to which defendant was not given the opportunity to reply; if so, there are many instances where such procedure might constitute serious error. It is not reversible error, however, to permit the state to waive the opening argument where it is not made to appear that there was any closing argument, on behalf of .the state, prejudicial to defendant, or argument to which counsel for defendant was not permitted to reply. Harmon v. State, 48 Fla. 44, 37 So. 520. See also recent dissenting opinion of Mr. Justice Brown in the case of Andrews v. State ([99] Fla. [1350]) 126 So. 751.”
It can be argued that the basis upon which the Supreme Court affirmed Tindall’s conviction was that it was not made to appear that any “prejudicial” closing argument was made by the State. It is no compliment to a prosecuting official to say that his argument was not damaging to the defendant or “prejudicial” to his defense.
However, the concurring opinion of Mr. Justice Brown (joined in by Mr. Justice Strum) clarifies the last quotation for Commissioner Andrews. Mr. Justice Brown says:
“I think if the record had made it sufficiently clear that the court, over defendant’s objection, permitted counsel for the state to omit the opening argument, thus requiring the argument for the defendant to be made while his counsel was kept entirely in the dark as to what the concluding argument of the state would be, the case should be reversed for the reasons stated by me in Andrews v. State ( [99] Fla. [1350]) 126 So. 751. But the record does not show that the state attorney made any argument at all. Therefore the record does not show that any injury resulted to the defendant.”
The actual judgment of the Court in Tindall’s case, appearing after the opinion of Commissioner Andrews and the concurring opinion of Mr. Justice Brown, as follows:
“ * * * the foregoing opinion prepared under chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered, ordered, and adjudged by the court that the judgment of the court below should be, and the same is hereby, affirmed.”
This judgment was concurred in by all the justices. The only conclusion that can reasonably be drawn is that the Court regarded Mr. Justice Brown’s concurring opinion as being an explanation or modification of Commissioner Andrew’s opinion. Otherwise this opinion on rehearing in Andrews v. State, rendered less than sixty days later would represent a complete reversal of views by the entire court.[6]
*131 The decision in Tindall’s case was announced May 17, 1930. On July 10, of the same year the court on a rehearing of the Andrews case unanimously adopted as the opinion of the court the dissenting opinion previously filed by Mr. Justice Brown in that case.
We are thus confronted with this situation:
Both the Tindall case and the Andrews case hold that it is improper to permit the State to waive an opening argument and then make a closing argument. In the Tin-dall case the record did not show that the State made any closing argument and the conviction in that case was affirmed. In the last opinion in the Andrews case the judgment of conviction was reversed solely because of the error of the trial court in permitting the State to waive opening argument and later make a closing argument. And this was on a record that was completely devoid of any objection on the part of the defendant to the State’s closing argument made after defendant’s argument and was also devoid of any demand on the part of the defendant to reply to the argument made by the State.
The judgments in these two cases can be readily reconciled upon the theory that the record in the Tindall case fails to show that the State made a closing argument and therefore does not show error- — as is clearly indicated by the statement of Mr. Justice Brown.
If we cannot reconcile the two opinions, it is our duty to follow that in the Andrews case for two reasons. (1) On the point at issue here, the opinion in the Tindall case is obiter dictum and (2) the opinion in the Andrews case is latest in point of time and therefore controlling.
For these reasons the judgment of conviction appealed from is reversed and a new trial ordered.
STURGIS, C. J., and WIGGINTON, J., concur.

. The prosecutor.

. Defense counsel.

. Andrews v. State, 99 Fla. 1350, 126 So. 751, 753.

. At that time the Court was composed of six.

. Tindall v. State, 99 Fla. 1132, 128 So. 494, 497.

. With the possible exception of Mr. Justice Ellis who did not participate in the rehearing of the Andrews case.