PER CURIAM.
On consideration of the petition for rehearing filed in this cause, the opinion herein filed April 15, 1964 is withdrawn and receded from and the following amended opinion is hereby adopted in lieu thereof. Said petition for rehearing is visited to the amended opinion and is hereby denied.
REVISED OPINION
CALDWELL, Justice.
This cause is here on petition for writ of certiorari alleging conflict between the decision of the District Court of Appeal [1] and Tindall v. State.[2]
The appellant was convicted of the crime of robbery in the Criminal Court of Record of Duval County. The District Court of Appeal, First District, found the evidence of guilt to be ample and the assignments of error, with one exception (the waiver by the State of the opening argument) to be without merit.
Defendant’s counsel objected when the State waived the opening argument to the jury; the Trial Judge denied the objection and, according to the District Court’s opinion: [3]
“The record shows that thereafter Mr. Ripley argued for the defendant and, *802 following this, Mr. Frost argued for the State. There is no showing that counsel for the defendant, after making his argument, objected to the State making a closing argument or, after the State’s argument, demanded the right to reply to that argument.”
In the course of argument by the State the defense interposed objections but the Trial Court’s rulings thereon are not challenged here.
The District Court of Appeal reversed the Trial Court and held the proceedings outlined constituted prejudicial error.
 The sole question is whether, in a criminal prosecution, the State may waive the opening argument to the jury and, after argument by the defense, make a closing statement. It is our view that, (1) if such closing statement consists of nothing more than strict reply to argument advanced by defense counsel, there is no error and, (2) if the statement consists of more than strict reply, there is no prejudicial error if defense counsel is allowed appropriate reply. Conversely, there is error if the closing statement by the prosecution includes comment on evidence or theory not discussed by the defense in its summation and if defense counsel is denied the right of rebuttal upon request.
Appellant relies upon Tindall v. State, supra, which held as follows: [4]
“It is not reversible error, however, to permit the state to waive the opening argument where it is not made to appear that there was any closing argument, on behalf of the state, prejudicial to defendant, or argument to which counsel for defendant was not permitted to reply. Harmon v. State, 48 Fla. 44, 37 So. 520. See also recent dissenting opinion of Mr. Justice Brown in the case of Andrews v. State ([99] Fla. [13501) 126 So. 751 [129 So. 771].”
Appellee contends that under the holding of Andrews v. State,[5] waiver by the State of opening argument is reversible error. In the Andrews case this court held that the Trial Court erred in permitting the prosecuting attorney to make a perfunctory opening statement and, after argument by defense, to conclude the argument by presenting the State’s case in full for the first time.
It is to be noted that when this court, by its divided opinion filed March 12, 1930, affirmed the lower court in the Andrews case, supra, Mr. Justice Brown wrote a dissent which, upon rehearing, (on July 10, 1930) became the opinion of the court.[6]
The decision in the Tindall case, supra, filed May 17, 1930, was reached during the pendency of the Andrews case and the court must have been aware of its rationale. Mr. Justice Brown, the author of the opinion on rehearing in Andrews, concurred in Tindall, saying the record did not show the State Attorney made any argument at all.[7]
There are important factual differences between the Andrews and Tindall cases, but both support the same legal principles. In the Andrews case the State presented its case in full for the first time in closing argument to which the defendant was not accorded the opportunity to reply. Prejudicial error resulted. In the Tindall case, however, waiver of argument by the State was held not error because the prosecution made no prejudicial argument to which defendant was not permitted to reply.
In the cause before us, it appears the prosecution waived the opening argument and, after argument by the defense, *803 made a closing statement, during the course of which objections were interposed by the defense. The Trial Court’s disposition of the objections is not questioned here. There is no showing the defense was denied the opportunity to reply to the statement of the prosecution.
We find the evidence of guilt in this cause to be conclusive and we hold that there was no error in permitting the prosecution to waive the opening argument and, after argument by the defense, to make a closing statement. There was no showing the defense requested the opportunity to reply.
The opinion of the District Court of Appeal, First District, is quashed and the cause remanded for further proceedings not inconsistent herewith.
THOMAS, Acting C. J., and THORNAL, O’CONNELL and HOBSON (Ret.), JJ„ concur.

. 160 So.2d 126 (Fla.App.1st 1963).

. 99 Fla. 1132, 128 So. 494 (1930).

.160 So.2d 126, 127 (Fla.App.1st 1963).

. 99 Fla. 1132, 1142, 128 So. 494, 498 (1930).

. 99 Fla. 1350, 126 So. 751, reversed on rehearing, 129 So. 771 (1930).

. Ibid.

. 99 Fla. 1132, 1142, 128 So. 494, 498 (1930).