427 So.2d 399 (1983)
Richard MENARD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1521.
District Court of Appeal of Florida, Fourth District.
March 9, 1983.
*400 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Chief Judge.
After the defense made closing argument, the state waived its right to respond and the court denied the defendant's request to conclude, made because he had offered no testimony other than his own. We affirm.
Every now and again, in the tragic world of criminal appeals, comes a case that brings an involuntary smile to otherwise grim lips. This is one of those, though it cannot be expected to afford any amusement to the defendant.
At the end of the initial final argument presented by the defense, the state's entire response was:
The State of Florida is going to rely on the evidence and testimony before the Court and the jury's common sense, and we will waive our argument.
The defense, discomfited by this tactic, pressed for the right to conclude on the basis that the comment "relying on the evidence and common sense" did not constitute a waiver and actually was final argument. See Andrews v. State, 99 Fla. 1350, 129 So. 771 (Fla. 1930). We disagree. The remarks did not address the evidence in particular nor any of the testimony. Nor did they dwell unnecessarily on the level of intellectual consideration to be expended by the jury. Moreover, unlike the discourse in Andrews, supra, the comments were but a very few words and in our opinion did not rise to the level of a final argument.
AFFIRMED.
BERANEK and DELL, JJ., concur.