PER CURIAM.
The appellant challenges criminal convictions entered after a jury trial, and contends that he was not allowed to make the “con- *935 eluding argument” referenced in Fla. R.Crim. P. 3.250. This rule provides that:
... a defendant offering no testimony in his or her own behalf, except the defendant’s own, shall be entitled to the concluding argument before the jury.
However, the appellant was given the opportunity to make the initial closing argument to the jury but counsel waived this presentation, advising the court that she would reserve until after the prosecutor. When the prosecutor then declined to present argument there was no basis for rebuttal, and the court was not obligated to allow the appellant to thereafter address the jury. See Dean v. State, 430 So.2d 491 (Fla. 3d DCA 1983), quashed on other grounds, 478 So.2d 38 (Fla.1985); Menard v. State, 427 So.2d 399 (Fla. 4th DCA), rev. denied, 434 So.2d 888 (Fla.1983). Rule 3.250 was not thereby violated, given the appellant’s prior waiver. The appealed order is therefore affirmed.
MINER, ALLEN and KAHN, JJ., concur.