SAMUEL R. PYLES, *Plaintiff in Error*, v. PIEDMONT MT. AIRY GUANO COMPANY, A CORPORATION, *Defendant in Error*.

1. In an action upon an endorsement of a promissory note where a defense is that the note was endorsed by inadvertence, and the defendant is permitted to testify that at the time he wrote certain letters in evidence recognizing his liability on the endorsement, he thought he was bound and had not consulted an attorney, and that he then thought and believed he was bound, it is not error to refuse to allow the defendant to again testify as to his belief that he was liable and had not consulted an attorney when he wrote the letters.

2. In the absence of a statute or rule upon the subject, where the plaintiff has *anything* to prove in order to get a verdict, whether in an action *ex contractu* or *ex delicto*, and whether to establish his right of action or to fix the amount of his damages, the right to begin and conclude the argument to the jury belongs to the plaintiff.

3. If the plaintiff would succeed on the pleadings alone, the defendant may begin and conclude the argument; if the defendant would succeed, then there is *something* for the plaintiff to prove at the outset, and the plaintiff may begin and conclude the argument to the jury.

4. Where there are *several issues* and the plaintiff has *anything* to prove under any one of them in the first instance, in order to recover, the right to open and close the argument is with him.

5. In every case where the *general issue*, or a general or special denial is pleaded, the right to open and close is with the plaintiff, for then he has *something* to prove in the first instance, no matter what may be the nature of the controversy, or what special defenses may be set up.

6. In an action on a promissory note where there is a common count and a plea of the general issue, the plaintiff must prove *something* in order to recover and consequently has the right to open and conclude the argument to the jury.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*R. B. Bullock,* for Plaintiff in Error;

*R. McConathy,* for Defendant in Error.

Whitfield, C. J.—The Piedmont Mt. Airy Guano Company, a corporation, brought an action against Samuel R. Pyles in the circuit court for Marion county upon an endorsement of a note for $1142.30, dated July 1st, 1904, given by George Close to the plaintiff below.

Among the defenses interposed was that the notes sued on became mixed and mingled with other notes made to the defendant, and the endorsement, "was a result purely of accident, mistake and inadvertence," and the defendant "did not then have any intention whatsoever of signing the said note."

At the trial the plaintiff produced the note dated July 1st, 1904, signed by George Close, with the defendant's endorsement thereon. The defendant put in evidence a contract dated November 20th, 1903, between the plaintiff and defendant by which the defendant was appointed the agent of the plaintiff to sell its fertilizers, the defendant "to make full settlement on or before July 1st, 1904, in cash or in notes of the purchases, resulting from sales of the fertilizers, endorsed by" the defendant.

George Close testified that he did not buy fertilizers from the defendant during the years 1903, 1904, but that he bought from Mr. C. Waite the general manager of the plaintiff company. He further testified: "I gave a note in part payment of these fertilizers. It is the note sued on in this case. At the time I gave same it did not have the signature of defendant Pyles on it, and I was surprised to know he was on it when I heard of it." The defendant testified "That his endorsement upon the note sued upon was purely and absolutely accidental; that it was not his intention to sign same. Coming from his country home into Ocala and entering his office his attention was called to a batch of notes secured by mortgages, representing in part the sales of fertilizers made by him for the plaintiff under his contract with plaintiff; that his bookkeeping and the details of this business was looked after by Dr. J. C. Boozer for him, and as he came into his office the said Boozer called his attention to the notes, they were laying on his desk face downward and that in signing these notes the note (Close note) sued on was among the number and he picked up his pen and wrote his name across all notes there so spread out, not knowing that this note was among them, that several months had elapsed since the sale to Close and at the time the circumstances of that sale being an exception did not present itself to him; that he did not know that it was in the

package until the transaction had been over two months; that he presumed that Dr. Boozer, who drew up the note and collected the cash payment from Close, remitted to the Company for it, and also sent the note into the house; had he known the Close note was in the batch he certainly would not have signed it, because there was no reason why or obligation under the contract on my part to sign same; that he was in no sense a party to the sale of the fertilizers to Close, the same having been sold directly to Close by Maj. Waite the general manager."

Dr. Boozer testified that he assisted the defendant with his business and that "he knew Mr. Close very well; that the note sued on the part written in pen and ink is in his hand writing; that he knows the circumstances under which the note was endorsed by the defendant; that he had a number of notes that had not been collected and that it was about time to send them to the Company, that he placed them on the desk face downward and said to defendant, 'here is a batch of these fertilizer notes that ought to be gotten off to-day if possible,' and thereupon Captain Pyles picked up his pen and endorsed them in this manner, and I picked them up and forwarded them to the Company, the Close note being in the batch; that at the time of spreading out the notes on the desk for the defendant to sign, that he did not make any explanation to Pyles,—all were piled up as already stated, and that he presumed that Pyles would go through them; * * * * that Pyles' instructions under this contract was to take security even on smallest sales, and that he endeavored to observe such instructions; that Pyles was to receive compensation for representing Mr. Waite in the delivery of the fertilizers to Mr. Close; he had to employ a man to go down and check it out and several other details. He had to reimburse parties for their services. That this arrangement was made in his office, but he cannot tell

date it was so made, and that he does not know whether Pyles got same compensation on the sale of Close as he got on sales to others or not, and that he made out the statement handed him and sent it to the company which said statement is of the business between plaintiff and defendant and contains as an item of credit to the defendant "To note Geo. Close $1142.30."

C. Waite in rebuttal for the plaintiff testified in effect that he made the sale to Close at the suggestion of defendant as a matter of policy, and that the defendant received compensation for the sales to Close. The following letters were introduced by the plaintiff:

'Ocala, Fla., Oct. 24--04.

Piedmont Mt. Airy Guano Co.,

Baltimore, Md.

Dear Sirs: Yours of the 11th inst. was awaiting my return and note contents—that bank failed to advise me till a day or two since of the matter of Tooley's being with them. I notified Tooley to be prepared to meet the note, he came to see me about the tenth of the month and plead that you gave him until 1st Novr, and he would pay $100.00, and by 1st Decr. pay the bal. with accumulated interest &c. To this I replied that I had no control over the matter, but would submit his proposition to you. Tooley is a poor man, and I hope you will extend to him this favor, and I will look after the collection of his and all your other claims, and in such cases as required will employ such counsel as will render best service in foreclosing, &c., however, you may write me fully what you think of doing and I will be governed accordingly.

As to the George Close note, say his note is good without additional security, he is an honest and able man to pay; and, with my endorsement I feel that you are amply secured—as to Geo. Close beg to say I hope you will be

able to sell him his goods for next season, as he is all o. k. Please let me hear from you soon.

Yours very respectfully,

S. R. Pyles.'

'Ocala, Fla., July 31st-05.

Piedmont Mt. Airy Guano Co.,

Baltimore, Md.

Dear Sirs:

As I wrote you, Mr. Close made a failure. This is true, I have worked diligently with him to get security, in this I have failed utterly, so I have caused suit to be instituted. I employed C. L. Sistrunk as attorney to represent your claim. I expect that I will ultimately have this to pay which I will do when it is found that I cannot cause him to pay. I think however, to get judgment against him he will likely borrow of his relatives and settle. I will do in the premises as I think best, and will push the matter to a settlement as rapidly as possible, and advise you when I have accomplished something.

Am very sorry for this unexpected trouble and delay in our settlement. No one could have reasonably expected such a complete failure with one who heretofore was so successful. However the best is being done and you may rest easy.

Yours very truly,

S. R. Pyles.'

The defendant being recalled, after some objections, testified: "That at the time he wrote the letters of date respectively Oct. 24th, 1904, and July 31st, 1905, he thought he was bound and had not consulted an attorney, and he did not consult an attorney till time that action was taken against Mr. Close on the note sued on;

that up to this time he thought and believed he was bound, that he then consulted with one attorney at law."

It is not necessary to state other evidence adduced. Other questions asked the defendant as to his belief of his liability on the endorsement when he wrote the letters and whether he consulted counsel after the letters were written were excluded. The defendant reserved exceptions and assigns errors on the rulings. In view of the testimony of the defendant on these points admitted in evidence as above stated, there is no reversible error in the rulings complained of.

Error is assigned on the rulings of the court that the plaintiff have the opening and conclusion of the argument.

In the absence of a statute or rule upon the subject, where the plaintiff has *anything* to prove in order to get a verdict, whether in an action *ex contractu* or *ex delicto,* and whether to establish his right of action or to fix the amount of his damages, the right to begin and conclude the argument to the jury belongs to the plaintiff. The unvarying test to be applied is which party would, upon the pleadings and record admissions and without any proof, be entitled to a verdict. If the plaintiff would succeed on the pleadings alone, the defendant may begin and conclude the argument; if the defendant would succeed, then there is *something* for the plaintiff to prove at the outset, and the plaintiff may begin and conclude the argument to the jury.

Where there are *several issues* and the plaintiff has *anything* to prove under any one of them in the first instance, in order to recover, the right to open and close the argument is with him.

In every case where the *general issue,* or a general or special denial is pleaded, the right to open and close is with the plaintiff, for then he has *something* to prove in

the first instance, no matter what may be the nature of the controversy, or what special defenses may be set up. 1 Thomp. on Trials, Chap. 228 *et seq.;* Abbotts Trial Brief 395; Brunswick & W. R. Co. v. Wiggins, 113 Ga. 842, 39 S. E. Rep. 551, S. C. 61 L. R. A. 513 and exhaustive note.

In this case the action is on a promissory note but there is a common count and a plea of the general issue which requires the plaintiff to prove something at least before he can recover, therefore the court properly ruled that the right to open and conclude the argument to the jury was with the plaintiff.

No other points are argued and no errors appearing the judgment is affirmed.

All concur, except HOCKER, J., absent.