WILLIAM H. HUSTON, *Plaintiff in Error,* v. J. B. GREEN, DOING BUSINESS AS THE J. B. GREEN REALTY COMPANY, *Defendants in Error.*

Division B.

Decision Filed March 8, 1926.

Petition for Rehearing Denied May 4, 1926.

*Wm. G. King, Geo. P. Stovall* and *J. Frank Houghton,* for Plaintiff in Error;

*C. E. Spear* and *J. S. Clark,* for Defendant in Error.

Decision Filed March 8, 1926.

*Wm. G. King, Geo. P. Stovall* and *J. Frank Houghton,* for Plaintiff in Error;

No appearance for Defendants in Error.

PER CURIAM.—This cause having heretofore been submitted to the court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J. Concur.

## On Petition for Rehearing.

PER CURIAM.—The declaration herein contains common counts and a special count setting up a breach of contract. The defendant pleaded that he never was indebted as alleged, and that he did not promise as alleged. Both parties adduced evidence. The court "instructed counsel for the respective parties that the defendant had the concluding argument to the jury, and counsel for defendant did make the concluding argument to the jury." Verdict was rendered for the defendant.

A motion for new trial was granted "because the court is of the opinion that plaintiff was deprived of a substantial right in not being allowed to make the closing argument to the jury—which action was taken by the court of its own initiative, and which the court now believes was error."

As allowed by the statute, Section 2905 Revised General Statutes, 1920, a writ of error was taken to the order granting a new trial.

In the absence of a statute or rule upon the subject,

where the plaintiff has *anything* to prove in order to get a verdict, whether in an action *ex contractu* or *ex delicto,* and whether to establish his right of action or to fix the amount of his damages, the right to begin and conclude the argument to the jury belongs to the plaintiff.

Where there are *several issues* and the plaintiff has *anything* to prove under any one of them in the first instance, in order to recover, the right to open and close the argument is with him.

In every case where the *general issue,* or a general or special denial is pleaded, the right to open and close is with the plaintiff, for then he has *something* to prove in the first instance, no matter what may be the nature of the controversy, or what special defenses may be set up. Pyles v. Piedmont Mt. Airy Guano Co., 58 Fla. 348, 50 South. Rep. 872.

There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice or that the law has been violated. Ruff v. Georgia, S. & F. Ry. Co., 67 Fla. 224, 64 South. Rep. 782; Chency v. Roberts, 77 Fla. 324, 81 South. Rep. 475; Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866; Lockhart v. Butt Landstint, filed March 13, 1926; Suttles v. Burbridge, filed February 11, 1926.

The court will not be held in error for granting a new

trial on the record in this case. Aberson v. A .C. L. Ry. 68 Fla. 196.

Rehearing denied.

All concur.