184 So.2d 447 (1966)
COLLINS FRUIT COMPANY, a Florida Corporation, and James Sheppard, Appellants,
v.
Mary F. GIGLIO, Appellee.
No. 4882.
District Court of Appeal of Florida. Second District.
March 23, 1966.
*448 Michael L. Kinney and William R. Hapner, Jr., of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellants.
E.B. Rood, Tampa, for appellee.
SHANNON, Acting Chief Judge.
The issue presented on this appeal is whether the trial judge erred in granting the plaintiff's motion for a new trial, after the jury had returned a verdict in favor of the defendants.
Plaintiff brought this action to recover for the wrongful death of her husband, who was killed when his station wagon was struck by a tractor-trailer owned by Defendant Collins Fruit Company and driven by Defendant James Sheppard. At the trial there was sufficient evidence to submit to the jury the issues of Sheppard's negligence, the decedent's contributory negligence and the possible application of the doctrine of Last Clear Chance.
At the conclusion of all the evidence, counsel for the plaintiff presented his closing argument, during which he discussed Last Clear Chance. The defendants' closing argument contained no reference to Last Clear Chance, but discussed rather extensively the decedent's contributory negligence. At one point counsel stated:
"* * * [T]here has been a showing of contributory negligence on the part of the driver of the station wagon and that, therefore, your verdict should be for the Defendant."
Plaintiff's attorney then argued in rebuttal, and tried to explain that Last Clear Chance could nullify the effect of any contributory negligence. Upon objection by the defendants, the trial judge refused to allow any further argument directed to Last Clear Chance, on the theory that since defense counsel had not mentioned Last Clear Chance in his closing, plaintiff could not refer to it in rebuttal.
After the jury had decided for the defendants, the judge granted the new trial, one of the grounds being:
"The refusal of the court to allow plaintiff's attorney to discuss, in his rebuttal argument, the doctrine of last clear chance, was the third error committed by the court. In view of the fact that the court instructed the jury on the possible application of the doctrine, the plaintiff's attorney should have been given an opportunity to discuss it during his final argument to explain away, by rebuttal, defense counsel's argument relative to contributory negligence. * * *"
There are two additional grounds assigned by the lower court in its order, one of which is significant in its relation to the ground quoted above, and on which we shall comment later. For present purposes, however, we simply state that we will consider whether the above reason was sufficient to allow a new trial to be granted.
At the outset, we are confronted with the established rule that the granting of a new trial lies within the sound discretion of the trial judge, whose decision will not be disturbed absent a strong showing that the discretion has been abused. E.g., Cloud v. Fallis, Fla. 1959, 110 So.2d 669. While Cloud v. Fallis sets forth general guidelines, it does not purport to hold that in every instance in which a trial judge sets aside a jury verdict and grants a new trial, an appellate court must inevitably accede to his "broad discretion." See Russo v. Clark, Fla. 1962, 147 So.2d 1. Fundamentally more important than the verbal expressions of this rule is a distinction which, although seldom set forth, finds support in the decisions; the broad discretion rule has the most far-reaching effect in situations where the new trial has been granted on the ground that the verdict was against the manifest weight of the *449 evidence, Cloud v. Fallis, supra, and Pyms v. Meranda, Fla. 1957, 98 So.2d 341, and conversely, the most limited application when the new trial is awarded on a non-evidentiary ground. See McAllister Hotel, Inc. v. Porte, Fla. 1960, 123 So.2d 339; Nabelski v. Turner, Fla.App. 1965, 173 So.2d 729; Tye v. Ruark, Fla.App. 1965, 179 So.2d 612; and Note, 16 U.Fla.L.Rev., 60, 70 (1963). The distinction is logical in view of the rationale that an appellate court, relying on a written record only, is poorly equipped to weigh evidence; but where the reason for granting a new trial involves a question of law, a reviewing court is on more equal footing with the trial judge.
This is not to say that the ruling of a trial judge granting a new trial on a matter of law, as opposed to fact, arrives at an appellate court shorn of the presumption that the trial judge correctly exercised his broad discretion. See, e.g., Florida Coastal Theatres, Inc. v. Belflower, 1947, 159 Fla. 741, 32 So.2d 738; Florida Dairies Co. v. Ward, 1938, 131 Fla. 76, 178 So. 906; Huston v. Green, 1926, 91 Fla. 434, 435, 108 So. 846. From a practical standpoint, however, there is more of substance in appellate review when the issue posed is the granting of a new trial based on a particular ruling by the judge, rather than his overall impression of the evidence.
We return now to the specific problem presented in this case, and observe that here the trial judge considered that he had erred by refusing to allow the plaintiff's attorney to argue Last Clear Chance in rebuttal.
Although it is axiomatic that the arguments of counsel are not evidence, it would be naive to suppose that they do not have a profound effect upon the jury. These summarizing remarks often tie together for the jurors previously unconnected or seemingly irrelevant testimony, and highlight those phases of the evidence considered most favorable by each of the opposing parties. In short, the closing argument is a crucial phase of a lawsuit, during which an improper ruling by the trial judge could be so prejudicial as to warrant the granting of a new trial. Cf. Andrews v. State, 1930, 99 Fla. 1350, 126 So. 751, 129 So. 771. Therefore, we do not consider well taken defendants' argument that the error here (assuming there to have been error) was harmless. Moreover, we are compelled to agree with the trial judge that he should not have sustained the defendants' objection to the plaintiff's remarks on Last Clear Chance. This line of argument was directly responsive to the defendants' strong discourse on contributory negligence; it had also been previously mentioned in plaintiff's original closing argument and additionally was properly injected into the case by virtue of the evidence. The trial judge instructed the jury regarding it. The cases relied on by the defendants are not controlling, since they merely hold that the plaintiff is not entitled to a rebuttal argument when the defendants make no closing argument at all. Davidow v. Seyfarth, Fla. 1952, 58 So.2d 865; Germak v. Florida East Coast Ry. Co., 1928, 95 Fla. 991, 117 So. 391. This was not such a case, nor was it similar to those instances in which the original argument does not fairly or fully state the case, and then in rebuttal the plaintiff argues new matter. See Andrews v. State, supra; Seaboard Air Line Ry. v. Rentz & Little, 1910, 60 Fla. 449, 54 So. 20. Therefore, we agree that the trial judge should not have stopped plaintiff's counsel from arguing Last Clear Chance, and that to do so was prejudicial.
This holding is buttressed by the second reason assigned by the trial judge in his order; that he "overemphasized" the defense of contributory negligence in his instructions to the jury.
It has been held that it is error for a trial judge to give repetitious charges, the effect of which unduly emphasizes some *450 particular aspect of the case. Shaw v. Congress Building, Inc., Fla.App. 1959, 113 So.2d 245; Lithgow Funeral Centers v. Loftin, Fla. 1952, 60 So.2d 745, 747. The instructions on contributory negligence in the instant case approached, but did not reach, what we consider to be undue emphasis. However, taking into account the trial judge's foreclosure of the reply to contributory negligence, and particularly the sequential proximity of this occurrence to the giving of the questioned instructions, we find the combined effect of these irregularities sufficient to allow the trial judge, in his discretion, to have awarded a new trial. See Ford v. Nathan, Fla.App. 1964, 166 So.2d 185, 188. Cf. State v. Barnes, Fla.App. 1966, 182 So.2d 260. In Huston v. Green, 1926, 91 Fla. 434, 435, 437, 108 So. 846, 847, the Supreme Court stated the rule which is applicable here:
"There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated."
This principle was reaffirmed in Florida Dairies Co. v. Ward, supra, and Florida Coastal Theatres, Inc. v. Belflower, supra.
The appellants have failed to make the requisite showing of abuse of discretion and therefore we affirm.
Affirmed.
HOBSON, J., and HEWITT, ROBERT S., Associate Judge, concur