WIGGINTON, Chief Judge.
Appellant was charged in two counts of an information with the offense of robbery. From a judgment of convictipn and sentence based upon a jury verdict finding him guilty of both counts of the information, this appeal is taken.
By his first point appellant urges that the trial court’s denial of his motion to instruct the court reporter to report the closing argument of counsel deprived him of due process and equal protection of the laws as guaranteed by the 14th Amendment to the Constitution of the United States.
Appellant was adjudged insolvent, whereupon the public defender was appointed to represent him during the course of this proceeding. At the conclusion of the evidence, and in the absence of the jury, appellant’s counsel orally moved the court to instruct the court reporter to report the closing argument of counsel. In denying this motion the trial court announced from the bench:
“ * * * in the absence of any showing of necessity or good reason, the motion to report closing arguments is denied. If anything comes up during the closing arguments that counsel feels should be made a matter of record, the court will attend to it at that time.”
Appellant urges that because of the trial court’s ruling, he has been effectively precluded from obtaining a full appellate review of the trial proceedings merely because he is indigent and was unable to make the advance cost deposit necessary to obtain a report and transcription of the closing argument made by counsel in his case, which right would have otherwise been accorded a defendant possessing sufficient funds to pay for this service. Appellant further contends that not only was the trial court’s ruling discriminatory as to him because of his indigency, but the court placed upon him the impossible burden of showing in advance of the argument good reason or necessity for having it reported. It is appellant’s position that by being required to wait until a prejudicial situation arose before being entitled to a reconstructed or paraphrased record of the harmful argument made by the prosecuting officer, this court on an appellate review is effectively precluded from judging the full impact of the prejudicial remarks read in context with the total argument of counsel. It is argued that without an accurately reported transcript of the entire argument of counsel, this court cannot know whether the al *476 leged prejudicial remarks were of such a character that their effect could not be eradicated by the court’s admonition to the jury to disregard them, and therefore whether the error constitutes proper grounds for a new trial.
The importance of protecting a defendant’s right to a fair trial as that right may be affected by prejudicial remarks of counsel made in closing arguments to the jury, and the difficulty, if not impossibility, of eradicating from the jury’s mind the effect of improper argument was pointed out by the Supreme Court in the case of Pait v. State[1] in which it said:
“ * * * Certainly a trial judge should be given an opportunity to correct such highly prejudicial although sometimes impulsive remarks of prosecuting officials. However, we think there are situations where the comments of the prosecutor so deeply implant seeds of prejudice or confusion that even in the absence of a timely objection at the trial level it becomes the responsibility of this court to point out the error and if necessary reverse the conviction.

“ * * * However, when an improper remark to the jury can be said to be so prejudicial to the rights of an accused that neither rebuke nor retraction could eradicate its evil influence, then it may be considered as ground for reversal despite the absence of an objection below, or even in the presence of a rebuke by the trial judge. * * * ”
Although one of the principles enunciated in the Pait case, supra, was subsequently receded from by the Supreme Court in the case of State v. Jones,[2] the court’s holding that prejudicial argument of counsel might well so defeat the defendant’s right to a fair trial as to require reversal was left undisturbed.
There can be no doubt but that counsel’s closing argument to the jury is an important, and sometimes critical, phase of the trial proceedings. In Collins Fruit Company v. Giglio,[3] Judge Shannon speaking for the Second District Court of Appeal said:
“ * * * In short, the closing argument is a crucial phase of a lawsuit, during which an improper ruling by the trial judge could be so prejudicial as to warrant the granting of a new trial. * * * ”
Under the constitution and laws of Florida every person is entitled to a full appellate review of any judgment of conviction and sentence rendered against him.[4] In the case of Simmons v. State [5] this court said:
“The right of one convicted of a crime to an appellate review of such judgment of conviction as may be rendered against him is a necessary ingredient of due process of law and guaranteed by the constitution of this state. * * * ”
This right is accorded indigent defendants, as well as those financially able to defray the cost of their appeal.
In Griffin v. Illinois [6] the Supreme Court of the United States held that an in *477 digent person convicted of crime in a state which affords appellate review as a matter of right is entitled to be furnished at state expense a transcript of the trial proceedings out of which his conviction arose, and to deny him such a transcript of the record constitutes a deprivation of due process and equal protection of the laws as guaranteed by the 14th Amendment to the Constitution of the United States.
The rule in Griffin, supra, was followed by this court in the case of Simmons v. State, supra. In Simmons we held that because of circumstances beyond the control of either the appellant or the State, it was impossible for the State to furnish a transcript of the trial proceedings in that case. Because such inability precluded the appellant from obtaining a full appellate review of his judgment of conviction and sentence, the judgment of conviction was set aside and a new trial ordered.
The rule adopted by the Supreme Court of the United States in Griffin v. Illinois, supra, was subsequently followed by that court in the decisions rendered by it in Eskridge v. Washington State Board,[7] Lane v. Brown,[8] and Draper v. State of Washington.[9] In the Eskridge and Draper cases the Supreme Court held to be ineffective the statute of the State of Washington which permitted a trial judge to deny an indigent defendant’s motion for a free transcript of the trial proceedings in connection with his appeal if the judge was of the opinion that the trial was fair and the appeal frivolous. The court in the Lane case held to be ineffective an Indiana statute which prevented an indigent defendant from procuring a free transcript of the trial proceedings unless the public defender agreed that such transcript was necessary for an appellate review of the judgment of conviction. In the Lane case the Supreme Court summarized its position in the following manner:
“In Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055, the Court held that a State with an appellate system which made available trial transcripts to those who could afford them was constitutionally required to provide ‘means of affording adequate and effective appellate review to indigent defendants.’ Id. 351 U.S. at 20, 76 S.Ct. 591. ‘Destitute defendants,’ the Court held, ‘must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.’ * * *”
It is true that in the Draper case, supra, the Supreme Court reaffirmed the principle previously declared in the Griffin case that a state need not purchase a stenographer’s transcript in every case where a defendant cannot buy it. It held that alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of events of the trial from which the appellant’s contentions arise. In emphasizing the duty of the state, the court held that in all cases the state is required to provide the indigent as adequate and effective appellate review as that afforded appellants with funds — the state must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions.
We are of the view that in order to provide an indigent defendant with the same opportunity of an effective review as that which is provided a solvent defendant able to pay the cost of reporting and transcribing counsel’s closing argument to the *478 jury, a stenographic report of such argument must be provided such a defendant when timely motion therefor is made. We are convinced that the full import of alleged improper remarks of counsel made in closing argument to a jury cannot be recaptured, nor can their full impact and prejudicial effect when considered in context with the total argument of counsel be accurately weighed, if the only record of such remarks consists of an effort by the trial judge to reconstruct or paraphrase the remarks for the record after objection is made. The argument of all counsel must be available in order that the reviewing court may determine whether the allegedly prejudicial remarks were made gratuitously, or in reply, retaliation, or explanation of argument by the adversary. We therefore hold that when an indigent defendant timely moves the court for an order instructing the reporter to report the closing argument of counsel, such motion should be granted. If a convicted indigent defendant can demonstrate that his right to a full appellate review of his conviction has been impaired because of the trial court’s denial of his timely motion to have the closing argument of counsel reported, during which argument the prosecuting officer made prejudicial remarks which denied him the opportunity of securing a fair and impartial trial, the judgment will be reversed and a new trial ordered.
We have not ignored the decision by the Supreme Court of our state in the case of Higginbotham v. State[10] in which by way of dictum it is opined that the court was not acquainted with any statute or rule of law that required the cost in a criminal case to be taxed against the county for reporting and transcribing the notes of speeches delivered by attorneys to a jury, and having a transcript thereof certified to the appellate court under an insolvency order. Such observation is not only infected with dicta-virus, but was made in a bygone time prior to the present enlightened era of judicare when the highest courts of our land, obsessed with egalitarian fantasies, have by substituting sociological philosophies for legal principles discovered an endless array of constitutional rights which the astute minds of erudite judges never heretofore knew existed. The decisions by the Supreme Court of the United States in Brown, Gideon, Escobedo, Miranda, Douglas, and the like are the product of contemporary activist thinking, but are nevertheless precedent which we on the lower echelon of judicial administration are compelled to follow. The decision of our own Supreme Court in the Higginbotham case, even if accepted as precedent, is out of step with the modern concept of constitutional rights and must therefore be rejected.
In oral argument before the court, appellant’s counsel asserted that inflammatory and prejudicial statements made by the prosecuting attorney in his closing argument to the jury were timely objected to, but such objections were overruled. Appellant contends that in this connection the trial judge not only performed the function of a trial court in overruling his objections, but at the same time usurped the function of this appellate court by failing to have the prejudicial statements, the objections thereto, and the court’s ruling thereon made a matter of record in the case, thereby adjudging that the objections were not sufficient upon an appellate review to justify reversal of the judgment of conviction.
The awkward position in which we find ourselves in attempting to see that appellant is accorded his constitutional right to a full appellate review of his trial points up the reason why the closing argument of counsel to the jury should be reported when a request therefor is made by either counsel in the case. The cost of doing this would be inconsequential and the necessity of having the argument transcribed would not arise unless the argument was fraught with prejudicial statements which appellant *479 would have the right to assign as error on appeal. Although we have no reason to doubt the correctness of the representations made to this court by appellant’s counsel regarding his objections and the trial court’s ruling thereon, the fact remains that such were not made a part of the record, and there is no showing that appellant made any attempt to have his objections and the court’s ruling recorded contemporaneously with the time they were made. We will not assume that a trial judge will refuse to incorporate in the record any objection made by counsel during the progress of a cause, together with the court’s ruling on such objection.
It is a fundamental principle of appellate procedure that an appellate court will consider only those errors appearing in the record of the proceedings brought to it for review. It is obvious that appellant failed to preserve in the record evidence of the points on which he relies for reversal. Because of this failure we cannot accept his verbal representation that objections were timely made to inflammatory and prejudicial argument of the prosecuting attorney, and that the trial court overruled his objection and failed to take such action as might have been sufficient to cure the evils resulting therefrom. Furthermore, the actions of the trial court were not assigned as grounds for a new trial or made an assignment of error in support of the appeal. Had the record in this case affirmatively reflected the oral representations made by counsel as to the occurrence of error, we would have no hesitancy in reversing the judgment because of the trial court’s refusal to require that the complete closing argument of counsel be reported so that a transcription thereof might be available for review on appeal. Appellant having failed to demonstrate by the record the occurrence of prejudicial error, the judgment appealed is affirmed.
CARROLL, DONALD K., and SPEC-TOR, JJ., concur.

. Pait v. State (Fla.1959), 112 So.2d 380, 384, 385.

. State v. Jones (Fla.1967), 204 So.2d 515.

. Collins Fruit Company v. Giglio (Fla.App.1966), 184 So.2d 447, 449.

. Constitution of Florida, Article V, §§ 4(2), 5(3), 6(3), F.S.A.

. Simmons v. State (Fla.App.1967), 200 So.2d 619, 620, 621.

. Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055.

. Eskridge v. Washington State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269.

. Lane v. Brown, 372 U.S. 477, 483, 83 S.Ct. 768, 772, 9 L.Ed.2d 892, 897.

.Draper v. State of Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899.

. Higginbotham v. State, 155 Fla. 274, 19 So.2d 829.