CARROLL, DONALD K., Judge.
The appellant was tried for and convicted of the crime of fondling by the Circuit Court for Leon County and has appealed from his judgment of conviction and sentence.
The principal question presented for our determination in this appeal is whether that court committed reversible error, denying the appellant, an indigent, the equal protection of the law, by refusing to instruct the court reporter to report the closing argument of counsel during the trial.
After the evidence had been presented at the trial, the appellant’s attorney, the public defender for the circuit in which Leon County is located, orally requested the court to instruct the court reporter to report “the closing arguments for the State and for the defense. * * * ” The trial court then declared :
“It is the ruling of the Court that in the absence of a showing of necessity the Court will not direct that the closing arguments be reported at public expense. If anything comes up during closing arguments that requires a ruling, the Court will make the necessary record at that time to preserve the point.”
*891 The basic philosophy underlying the appellant’s contention that the said ruling was discriminatory against him as a poor person, is grounded chiefly upon the following language of the United States Supreme Court in Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1956):
“In criminal trials a State can no more discriminate on account of poverty than on account of religion, race, or color. Plainly the ability to pay costs in advance bears no rational relationship to a defendant’s guilt or innocence and could not be used as an excuse to deprive a defendant of a fair trial. * * *
“But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process of Equal Protection Clauses protect persons like petitioners from invidious discrimination.”
The case before us is controlled by the principles which we recognized and applied in the recent case of Bell v. State, 208 So.2d 474 (Fla.App., 1968), involving a situation practically identical to that here. In the Bell case the public defender, representing an insolvent defendant, orally moved the court at the conclusion of the evidence to instruct the court reporter to report the closing argument of counsel. In denying this motion the trial court announced from the bench: “ * * * in the absence of any showing of necessity or good reason, the motion to report closing arguments is denied. If anything comes up during the closing arguments that counsel feels should be made a matter of record, the court will attend to it at that time.” The defendant in that case contended that the said ruling deprived him of due process and equal protection of the laws as guaranteed by the 14th Amendment to the United States Constitution. In our opinion we discussed the above holding in the Griffin case, supra, and later U. S. Supreme Court decisions, and reached the following conclusions :
“We are of the view that in order to provide an indigent defendant with the same opportunity of an effective review as that which is provided a solvent defendant able to pay the cost of reporting and transcribing counsel’s closing argument to the jury, a stenographic report of such argument must be provided such a defendant when timely motion therefor is made. We are convinced that the full import of alleged improper remarks of counsel made in closing argument to a jury cannot be recaptured, nor can their full impact and prejudicial effect when considered in context with the total argument of counsel be accurately weighed, if the only record of such remarks consists of an effort by the trial judge to reconstruct or paraphrase the remarks for the record after objection is made. The argument of all counsel must be available in order that the reviewing court may determine whether the allegedly prejudicial remarks were made gratuitously, or in reply, retaliation, or explanation of argument by the adversary. We therefore hold that when an indigent defendant timely moves the court for an order instructing the reporter to report the closing argument of counsel, such motion should be granted. If a convicted indigent defendant can demonstrate that his right to a full appellate review of his conviction has been impaired because of the trial court’s denial of his timely motion to have the closing argument of counsel reported, during which argument the prosecuting officer made prejudicial remarks which denied him the opportunity of securing a fair and impartial trial, the judgment will be reversed and a new trial ordered.”
At the end of our opinion in Bell, however, we held that the appellant-defendant had “failed to demonstrate by the record the occurrence of prejudicial error. * * * ” *892 and so we affirmed the judgment of conviction appealed from therein.
Similarly, in the case at har we hold that the trial court should have granted the appellant’s motion at the trial to instruct the court reporter to report the closing argument of counsel, hut we further hold that the appellant has failed to demonstrate that the court’s said error constituted prejudicial, reversible error. The appellant has not only failed to demonstrate this, but does not even set forth in his brief wherein the said ruling prejudiced his interests.
We have considered the other contentions made by the appellant in this appeal and find them to be without substantial merit.
Accordingly, upon the authority of the decision in the Bell case, supra, and the cases cited therein, the judgment appealed from herein must be and it is
Affirmed.
WIGGINTON, C. J., and SPECTOR, J., concur.