Lamar BELL, Petitioner,

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

**Civ. A. No. 1484.**

United States District Court
N. D. Florida,
Tallahassee Division.

May 15, 1969.

Lamar Bell, in pro. per.

Earl Faircloth, Atty. Gen., and James Robert Yon, Asst. Atty. Gen., State of Florida, Tallahassee, Fla., for respondent.

## ORDER

CARSWELL, Chief Judge.

This case comes before the Court on petition filed by a state prisoner for writ of habeas corpus and under response to rule to show cause filed by the Attorney General of the State of Florida. The petition and the response set forth fully the facts upon which the petitioner bases his allegations and further hearing is not necessary.

■ At issue is whether it was a denial of due process and equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution for the trial court to refuse to allow the court reporter to report the closing argument of counsel during an indigent's trial. This Court is of the view that petitioner's allegations are meritorious and that he is entitled to relief.

The issues raised by the petition and the response were presented to the First District Court of Appeal of Florida which affirmed the trial court's ruling. Bell v. State, 208 So.2d 474 (1st Dist.Ct.App. 1968). Petitioner then sought and was denied certiorari in the Supreme Court of the United States, Bell v. Florida, 393 U.S. 928, 89 S.Ct. 263, 21 L.Ed.2d 264 (1968).

The petitioner, Lamar Bell, was arrested, tried and convicted in the Circuit Court of Leon County, Florida, for the offense of robbery. The petitioner was adjudged insolvent and the public defender was appointed to represent him. At the conclusion of the evidence, and in the absence of the jury, the public defender orally moved the court to instruct the court reporter to report the closing argument of counsel. In denying this motion the trial court stated:

"  *  *  * in the absence of any showing of necessity or good reason, the motion to report closing arguments is denied. If anything comes up during the closing arguments that counsel feels should be made a matter of record, the court will attend to it at that time."

Thereafter certain remarks of the prosecutor were objected to by the public defender. The objections were overruled but were not recorded.

Petitioner alleges that the trial court's refusal to grant his motion was a violation of the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution as interpreted by the Supreme Court of the United States in Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 (1955), resulting in a denial of effective appellate review. The respondent urges this Court that petitioner has failed to show or allege that he was prejudiced by the trial court's ruling in that petitioner has failed to adequately preserve the record of his specific objections and the trial court's ruling. Respondent also urges that petitioner failed to avail himself of the remedy afforded by Rule 6.7(f), Florida Appellate Rules, 32 F.S.A.

In Griffin v. Illinois, supra, the Supreme Court held that an indigent convicted of a crime in a state which affords appellate review as a matter of right is entitled to be furnished at state expense a transcript of the trial proceedings and denial of such a transcript of the record is a deprivation of due process and equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

The rule adopted by the Supreme Court in *Griffin* was subsequently followed by the decisions of Eskridge v. Washington

State Board of Prison Terms and Paroles, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed. 2d 1269 (1958), and Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899 (1963), which struck down a Washington State Statute which permitted a trial judge to deny an indigent defendant's motion for a free transcript of trial proceedings if the judge was of the opinion that the trial was fair and the appeal frivolous.

For the purposes of an appeal the right to have a full adequate record is an absolute in the case of an indigent defendant as it is in the case of a defendant who can afford to purchase the transcript.

The present case is readily distinguishable from the case of Mack v. Walker, 5 Cir., 372 F.2d 170 (1966). In the *Mack* case the petitioners simply objected to the fact that they were not given a verbatim transcript of the trial proceedings, without showing that such a transcript was necessary for their appeal. In the present case the First District Court of Appeal of Florida concedes that:

> " * * * the full impact of alleged remarks of counsel made in closing argument to a jury cannot be recaptured, nor can their full impact and prejudicial effect when considered in context with the total argument of counsel be accurately weighed, if the only record of such remarks consists of an effort by the trial judge to reconstruct or paraphrase the remarks for the record after objection is made."
208 So.2d at 468. 7

To deny petitioner relief on the grounds that the record does not show prejudicial comments and objections, when it is necessary to have a full transcript of the arguments in order to determine prejudice in the first place and that transcript does not exist due to the order of the trial court is a complete non sequitur.

Respondent's contention that petitioner has foregone a remedy afforded by Rule 6.7(f), Florida Appellate Rules, is equally without merit. Rule 6.7(f)

allows the preparation of a paraphrased stipulation as to the *contents of the record* on appeal. In the first place, because of the trial court's ruling there is no record from which the parties could accurately stipulate. While it is true that alternative methods of reporting trial proceedings are permissible, such methods can be used only "if they place before the appellate court an *equivalent report* of the events at trial from which the appellant's contentions arise." (Emphasis added.) Draper v. Washington, supra, 372 U.S. at 495, 83 S.Ct. at 779; Mack v. Walker, supra, 372 F.2d at 172. In light of the District Court of Appeal's assessment of the character of the error presented in this case, an assessment to which this Court subscribes, it cannot be said that Rule 6.7(f) offers an "equivalent report" of the events at trial.

The respondent's position places an undue burden upon the petitioner and his counsel to attempt to reconstruct an argument in order to show what might otherwise be isolated remarks by the prosecution were prejudicial. This burden would not have been placed upon petitioner had he been able to purchase the reporter's time himself. Such a burden is in direct conflict with the Due Process and Equal Protection clauses of the Fourteenth Amendment to the Constitution of the United States as interpreted in Griffin v. Illinois, supra.

It is, therefore, upon consideration, hereby

Ordered:

1. Unless satisfactory evidence is filed by Respondent with the Clerk of this Court on or before June 2, 1969 that petitioner's judgment of conviction of May 26, 1967 has been set aside and the petitioner arraigned anew of the subject charges and a new trial thereon granted and scheduled within a reasonable time (if petitioner pleads not guilty on his re-arraignment), then, in that event, this Court upon application of petitioner here will at that time grant this petition for writ of habeas corpus. This Court does not attempt to determine

whether bail should be allowed pending trial, or the amount thereof if allowed, but petitioner shall be afforded all rights of counsel and bail pending trial as any other person so charged, the matter of bail, its allowance and/or amount to be determined by the appropriate trial court by applicable standards of law.

2. Upon Respondent's filing on or before June 2, 1969 such satisfactory evidence as indicated in paragraph one above, this Court will dismiss this petition.