PER CURIAM.
Daniel Petruk appeals from a jury verdict in Allstate’s favor. Petruk was injured in a motor vehicle accident. Allstate was Pe-truk’s uninsured motorist carrier. The sole issue before the jury was the loss of future earning capacity. We reverse.
The trial court ruled that during closing argument, Petruk’s counsel could not comment on evidence that had been introduced. See Watkins v. Sims, 81 Fla. 730, 88 So. 764 (1921); Carrion-Viscay v. State, 478 So.2d 1192 (Fla. 3d DCA 1985). In Collins Fruit Co. v. Giglio, 184 So.2d 447, 449 (Fla. 2d DCA 1966), the court stated: “the closing argument is a crucial phase of a lawsuit, during which an improper ruling by the trial judge could be so prejudicial as to warrant the granting of a new trial.”
In addition, Allstate argued W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301 (Fla. 3d DCA 1995), controlled the issue of Petruk’s pending loss of employment. We find Grace to be distinguishable as the potential layoff in that case was to be at some future unknown date. In this case, evidence was presented at trial that Petruk’s layoff was certain and would take place in the immediate future. Petruk also submitted testimony that, if believed by the trier of fact, would relate his injury to a loss of future earning capacity.
Accordingly, we reverse the jury verdict in favor of Allstate and remand for a new trial on all matters related to Petruk’s claim for loss of future earning capacity.
PATTERSON, A.C.J., and BLUE and WHATLEY, JJ., concur.