NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


STATE OF FLORIDA,           )
                                      )

        Appellant,         )
                                      )

v.                                 )     Case No. 2D13-2595
                                      )

HERBERT ADOLPHUS PINCKNEY,  )
                                      )

        Appellee.          )
_____)

Opinion filed September 9, 2015.

Appeal from the Circuit Court for
Manatee County; John F. Lakin, Judge.

Pamela Jo Bondi, Attorney General, and
Brandon R. Christian, Assistant
Attorney General, Tampa, for Appellant.

Howard L. Dimmig, II, Public Defender,
and Allyn M. Giambalvo, Assistant Public
Defender, Bartow, for Appellee.


CRENSHAW, Judge.


        The State of Florida appeals a downward departure sentence of twelve

months' probation in this battery case, asserting that the court lacked competent,

substantial evidence to impose the departure sentence. Specifically, it argues that there

was insufficient evidence that the victim provoked the incident within the meaning of section 921.0026(2)(f), Florida Statutes (2011).[1]  Because the downward departure sentence lacks competent, substantial evidence to support it, we reverse and remand for resentencing.

Herbert Pinckney, the defendant, pleaded to the battery of a woman with whom he had a relationship.  The record suggests that Pinckney pleaded under the impression he was likely to get a departure sentence, though this was not based on a plea bargain with the State but rather on comments by the judge.  A nonvictim witness was prepared to testify for the State at trial but because of the plea only testified at the sentencing hearing.  Her testimony, which the court explicitly found credible, indicated that the victim was not the initial aggressor.  Specifically, the witness testified that the victim was outside the car and talking to the driver who then got out and attempted to drag the victim into the car.  The driver was then assisted by the passenger in throwing the victim to the ground and kicking and punching her.  Pinckney, too, testified and asserted that the victim was the initial aggressor, that the victim spat upon him, and that she took a swing at him before getting out of the car; his testimony was found not to be credible.  Yet the court, based largely on counsel's comments, granted the downward departure and imposed a year probation.

"The trial court must first determine whether it <u>can</u> depart—whether the defendant has met the burden of establishing sufficient factual support for a valid legal ground."  <u>State v. Kelleher</u>, 142 So. 3d 958, 959 (Fla. 2d DCA 2014) (emphasis added)

---

[1]We have jurisdiction.  <u>See</u> § 924.07(1)(i), Fla. Stat. (2013); Fla. R. App. P. 9.140(c)(1)(M).

(quoting Kezal v. State, 42 So. 3d 252, 254 (Fla. 2d DCA 2010)).  The only evidence favoring Pinckney was his own testimony.  His counsel attempted to corroborate that evidence which the court accepted on its face: "I find there is credible information from Defense Counsel."  But "it is axiomatic that the arguments of counsel are not evidence . . . ."  Geralds v. State, 111 So. 3d 778, 795 n.16 (Fla. 2010), as revised on denial of reh'g (Feb. 2, 2012) (quoting Collins Fruit Co. v. Giglio, 184 So. 2d 447, 449 (Fla. 2d DCA 1966)).  Counsel's corroboration was not under oath; it was only argument.  Favoring the State was the testimony of the nonvictim witness.  Regarding the nonvictim witness, the court stated, "I find the testimony of [the witness] from Spokane, Washington to be very credible, and I appreciate her coming all the way across the United States to testify here in Manatee County.  And I do find her testimony to be credible."  Then turning to Pinckney's testimony, the court stated, "I do not find Mr. Pinckney's testimony . . . to be credible."

We have to give effect to the court's credibility conclusions.  The witnesses provided contradictory testimony, and Pinckney's was not credible; thus, Pinckney's testimony alone fails to establish the requisite element for the downward departure: that the victim was the initial aggressor.  Cf. State v. Rife, 789 So. 2d 288, 292 (Fla. 2001) (discussing broadly the relevant mitigating factor).  Because there was no competent, substantial evidence supporting the court's conclusion that the victim was the initial aggressor, this downward departure sentence must be reversed.  On remand, the court is free to impose another downward departure if Pinckney can establish a valid basis.  See Jackson v. State, 64 So. 3d 90, 93 (Fla. 2011).

- 3 -

Reversed and remanded for resentencing with directions.

KELLY, J., Concurs.
VILLANTI, C.J., Concurs with opinion.


VILLANTI, Chief Judge, Concurring.

I fully concur in the majority opinion, but write to point out numerous irregularities which may have contributed to the imposition of the erroneous sentence imposed in this case.

After jury selection but before the start of opening statements, defense counsel told the judge that he had a "collateral issue" he wanted to raise concerning whether the trial itself should go forward. Defense counsel then proceeded to discuss at great length the prior relationship between the victim and Pinckney, the victim's criminal history, and details of the victim's alleged involvement in drugs and prostitution. Defense counsel then discussed the evidence presented at a prior trial that involved different charges between the same victim and Pinckney. Defense counsel noted that Pinckney had been acquitted after that prior trial, and he told the court what the trial judge in that prior case had allegedly expressed as his personal opinion about the victim's credibility. Defense counsel then explained that he believed that the victim would have come to this trial and testified that Pinckney was not guilty of these charges; however, the victim currently had a warrant out for her arrest and so would not come to court, in large part because "she is very high on cocaine most likely

- 4 -

right now, and doesn't want to withdraw in jail." Defense counsel told the court that he anticipated that Pinckney would have to testify in order to assert his defenses, but that there was a "problem" with Pinckney's prior record and that defense counsel was concerned that the jury was "most likely not going to believe him because of his record."

The court then turned to the State and asked for its input on the case. The State outlined what it believed the evidence would show. The court then stated that "if your representation to the Court is that you have a case that can survive potentially a judgment of acquittal or anything else, we'll deal with it and the case will go forward." Immediately thereafter, defense counsel asked to approach the bench and go off the record. The trial court agreed. What followed was a twenty-four minute off-the-record discussion.

When the court went back on the record, defense counsel stated that Pinckney would enter an open plea but that he wanted to argue for a downward departure sentence based on the victim being the initiator or provoker of the events. Defense counsel admitted that the victim was not there to testify, but he stated that she had testified at trial in the prior case that she was the provoker in that earlier case. Defense counsel then told the court that he met with the victim in her jail cell and "she told me she was going to testify in this case the exact same thing."

In response, the State objected to any request for a downward departure sentence and reiterated that the victim was not there to testify to the facts of this case. The State then presented the testimony of a witness to the incident in question, who

testified that the victim had been outside the car before the battery began and that she did not initiate or provoke the attack.

Defense counsel presented the testimony of Pinckney, who completely denied beating or kicking the victim—essentially contradicting his own guilty plea. Defense counsel then told the judge about the substance of the deposition testimony of yet another witness, who allegedly would have exonerated Pinckney.

At the conclusion of these presentations, the trial court found that the testimony of the State's witness was "very credible" while Pinckney's testimony was not credible. Nevertheless, the court found that there was "credible information from Defense Counsel" that the victim had provoked the battery and that that was a basis for a departure sentence.

The problems raised by this series of events are myriad. First, it was wholly inappropriate for defense counsel to argue what was, in essence, his motion for judgment of acquittal before any evidence at all was presented. Second, it was wholly inappropriate for defense counsel to attempt to sway the court with inadmissible evidence concerning the victim's prior criminal activities, the victim's prior criminal record, the victim's testimony at a prior trial on different charges, and the victim's alleged statements made to defense counsel about what she would testify to at the current trial if called. Third, it was inappropriate for the trial court to rely on defense counsel's representations concerning what the victim would have testified to had she been present, how other witnesses (who were also not present) testified at deposition, and defense counsel's characterization of the victim's character and prior record.

- 6 -

Like the trial court, I recognize that defense counsel's representations on these matters were made "as an officer of the court." However, sentencing decisions, and particularly those relating to downward departure sentences, must be made based on evidence. See Banks v. State, 732 So. 2d 1065, 1067 (Fla. 1999). And regardless of counsel's status as an officer of the court, representations made by counsel are not evidence. See, e.g., Collins Fruit Co. v. Giglio, 184 So. 2d 447, 449 (Fla. 2d DCA 1966). And the only evidence credited by the trial court was that of the State's witness, who testified that the victim neither initiated nor provoked the attack. Hence, it is apparent that the trial court based its decision to depart not on whether a valid departure ground had been factually established by the evidence but instead on whether the trial court thought a downward departure sentence was appropriate for this defendant based on counsel's representations concerning collateral and inadmissible matters. But the court may not exercise its discretion to depart unless and until the defendant proves that there is a legal basis upon which to depart—a basis never established in this case. Because the trial court's determination that it had a legal basis to depart downward was unsupported by the only competent, substantial evidence in the record, the downward departure sentence cannot stand.

Finally, I cannot condone the trial court's decision to have a twenty-four minute off-the-record discussion with counsel during the proceedings. Obviously, we will never know what was said in this off-the-record conversation, but the trial court imposed an improper downward departure sentence immediately thereafter. It is therefore fair to surmise that the trial court was swayed by whatever further representations were made by defense counsel at this unreported sidebar. If

- 7 -

unreported bench conferences are ever justified in criminal proceedings, this was certainly not one of those occasions.  And unfortunately, as here, proceedings that follow such a course are generally doomed to be redone.